

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00056-CV
_____

CHARLES A. HARRELL, SR., Appellant

V.

CITIZENS BANK & TRUST COMPANY
OF VIVIAN, LOUISIANA, Appellee

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. 0800147

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Charles A. Harrell, Sr. (Harrell) appeals a forcible detainer suit brought by Citizens Bank (Bank) alleging that his son and stepson own an interest in the property thereby creating a title issue which divested the trial court of jurisdiction to issue a writ of possession. Secondarily, Harrell urges that the Bank only owns an undivided interest in the property, that he occupies the property with the consent of the other owners and cannot be evicted. The Bank denies each of Harrell's contentions and asserts that Harrell's notice of appeal was untimely filed. We affirm the judgment of the trial court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 1996, Harrell executed a deed of trust in favor of the Bank securing a note issued to the Bank on that same day and granting a first lien on certain real property located in Marion County, Texas. The deed of trust provides, in pertinent part, that

> 5.    If Grantor defaults on the note or fails to perform any of Grantor's obligations . . . , then Beneficiary may:
>
> A.    Declare the unpaid principal balance and earned interest on the note immediately due;
>
> B.    Request trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
>
> C.    Purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.
>
> . . . .

2

1. If any of the property is sold under this Deed of Trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

Harrell defaulted on the note, and the property was sold to the Bank at a nonjudicial foreclosure sale August 7, 2007. A substitute trustee's deed was issued to the Bank that same day. The Bank demanded Harrell vacate the premises. When Harrell refused, the Bank filed a forcible detainer action in the justice court; the justice court granted the Bank a writ of possession.

Harrell appealed the judgment of the justice court to the district court of Marion County.[1] In that proceeding and on appeal to this Court, Harrell contends that Charles A. Harrell, Jr., owned an undivided one-fourth interest in the real property described in plaintiff's sworn complaint for forcible detainer and that Harrell remains on the property with the consent of Harrell, Jr. It is alleged that Harrell, Jr. inherited this interest from his mother, Diane Harrell, before the execution of the deed of trust. We neither have the last will and testament of Diane (assuming there is one) before

---

[1]Jurisdiction of a forcible detainer suit is in the justice court in the precinct where the property in question is located. TEX. GOV'T CODE ANN. § 27.031(a)(2) (Vernon Supp. 2008); TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Appeal from a forcible detainer suit is to the county court of the county in which the judgment is rendered. TEX. R. CIV. P. 749. In this case, appeal to the 276th Judicial District Court of Marion County was appropriate. Section 24.453(c) of the Texas Government Code provides that "[t]he jurisdiction of the 276th District Court is concurrent with the jurisdiction of the 115th District Court in Marion County . . . ." Section 24.217(b) of the Texas Government Code provides that "in addition to other jurisdiction provided by law, the 115th District Court has the civil and criminal jurisdiction of a county court in Marion County." We note these provisions because they bestow upon the 276th Judicial District Court the civil jurisdiction of a county court. TEX. GOV'T CODE ANN. § 24.453(c) (Vernon 2004), § 24.217(b) (Vernon 2004).

us, nor is there any other documentary evidence to support the bare allegation of Harrell, Jr.'s ownership interest in the subject property.

Harrell contends that at the time he executed the deed of trust in favor of the Bank, Harrell, Jr. was a minor. Harrell testified that he was appointed guardian of Harrell, Jr. and that he failed to gain the approval of the county court in which Harrell, Jr.'s guardianship was pending before signing the deed of trust as guardian for his son.[2] As a result of this omission, Harrell contends the trial court lacked subject-matter jurisdiction because these ownership issues are beyond the jurisdiction of the court sitting in a forcible detainer hearing. No documentation of the guardianship was offered.

Harrell further testified that he conveyed five acres of the subject property to John Anthony Jones, his stepson, before the execution of the deed of trust. There is no deed in the record evidencing this claimed interest on the part of Jones by Harrell. This issue, taken together with the issue of Harrell, Jr.'s, alleged ownership interest in the subject property, Harrell contends, deprived the trial court of subject-matter jurisdiction.

## II.  ISSUES PRESENTED

(1)     Whether the trial court had subject-matter jurisdiction over the cause of action for forcible detainer;

---

[2]Harrell testified that he signed the deed of trust as guardian for his son, Harrell, Jr. However, the grantor in the deed of trust is listed as Charles A. Harrell, Inc., a Texas Corporation, d/b/a Charlie's Country Corner, Inc. We have no documentary evidence before us regarding the guardianship testified to by Harrell; the deed of trust does not evidence, on its face, that Harrell signed as grantor in the capacity of guardian on behalf of Harrell, Jr.

4

(2)     Whether the Bank proved a superior right to immediate possession of the property in question sufficient to sustain its forcible detainer claim; and

(3)     Whether Harrell's notice of appeal was timely filed.

## III.     STANDARD OF REVIEW

### A.     Subject-Matter Jurisdiction

The question of whether the trial court had subject-matter jurisdiction is a question of law that we review de novo. *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.) (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).  When conducting a de novo review, the reviewing tribunal exercises its own judgment and "accords the original tribunal's decision absolutely no deference." *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).  In this case, the defensive pleading and proof raise the issue of subject-matter jurisdiction based on the assertion that the question of possession of the subject property cannot be determined apart from determining title.  We therefore must determine whether Harrell is correct in asserting that questions of title and possession are so integrally linked that the trial court lacked subject-matter jurisdiction over the case. *See Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding genuine issue regarding title existed and trial court lacked subject-matter jurisdiction, where defendant to forcible detainer action pled that deed under which plaintiff claimed title was void).

5

**B.      Legal Sufficiency**

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* at 823. So long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the fact-finder. *Id.* at 822. The trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony. *Id.* at 819. Although we consider the evidence in a light most favorable to the challenged findings, indulging every reasonable inference that supports them, we may not disregard evidence that allows only one inference. *Id.* at 822.

**C.      Factual Sufficiency**

The trial court found the Bank had met its burden to prove it had a superior right of possession to the property. In reviewing a factual sufficiency challenge in this posture, we must first consider, weigh, and examine all of the evidence contrary to the jury determination. The finding should be set aside only if the evidence supporting the jury finding is so weak as to be clearly wrong and manifestly unjust. *In re Estate of Steed*, 152 S.W.3d 797, 806 (Tex. App.—Texarkana 2004, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Wilson v. Goodyear Tire & Rubber Co.*, 753 S.W.2d 442, 448 (Tex. App.—Texarkana 1988, writ denied)).

6

## IV. ANALYSIS

### A. Subject-Matter Jurisdiction of the Trial Court

The facts on which Harrell bases his claim that the trial court lacked subject-matter jurisdiction are set forth at length above. Harrell contends that these facts cause the question of title to the property to be "so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title." *Gibson*, 138 S.W.3d at 522.

The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). A forcible detainer action is a special proceeding governed by particular statutes and rules. *Id*. The cause of action for forcible detainer is set out in the Texas Property Code, which permits forcible detainer actions against persons who refuse to surrender possession of real property when demanded to do so by one entitled to possession.[3] Such an action is intended to be a speedy and inexpensive means for resolving the question of who is entitled to immediate possession of property without resorting to an action upon title. *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) (citing *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex. Civ. App.—San Antonio 1981, no writ)). Rule 746 of the Texas Rules of Civil Procedure highlights the limited purpose of a forcible detainer action, in stating that the "only issue" in a forcible detainer action is "the right to actual possession; and the merits of the title shall not be

---

[3]*See* TEX. PROP. CODE ANN. §§ 24.002, 24.0061 (Vernon 2000), § 24.0051 (Vernon Supp. 2008).

7

adjudicated."[4]  The sole issue to be addressed by the trial court is who has the right of immediate possession.  *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

While Harrell claims title and possession are necessarily intertwined, the facts here are far different than those in cases he cites in support of this argument.  *See, e.g.*, *Guyer v. Rose*, 601 S.W.2d 205, 205–06 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.).  In that case, the court upheld enjoinder of a forcible detainer suit where possession depended on compliance with a contract for sale between the same two parties.

Harrell also relies on *Gibson*, 138 S.W.3d 518, in support of his position that the trial court lacked subject-matter jurisdiction.  *Gibson* can be distinguished because in that case, the alleged unlawful occupant of the property claimed to have acquired title to the property by adverse possession.  *Id*. at 523.  The issue of possession could therefore not be determined without first determining the issue of title.  Further, and unlike this case, *Gibson* involved the same two parties claiming possession and title.  In this case, Harrell does not claim title to the property in question.

Here, the issue of possession involves Harrell and the Bank; Harrell's only allegation is that the title issue involves Harrell, Jr., Jones, and the Bank.  Harrell is not claiming any title in his own right.  In fact, his attorney conceded as much at the hearing.[5]  Harrell's claimed right of possession

---

[4]Tex. R. Civ. P. 746.

[5]Counsel for Harrell conceded that "Mr. Harrell's interest in the title is not an issue."

is merely made through one he claims to have title to the property—Harrell, Jr. Harrell does not claim that *his* ownership interest in the property did not validly pass to the Bank via the deed of trust and substitute trustee's deed. As between Harrell and the Bank, there is no title dispute; the allegation involves a dispute in title between nonparties (Harrell, Jr. and Jones) and the Bank. Harrell's claim of a title dispute based on the alleged property interests of nonparties with no supporting documentation is far too tenuous to permit us to conclude that the issue of possession cannot be determined. Specific evidence of a title dispute is required to raise an issue of jurisdiction. *Falcon*, 976 S.W.2d at 338.

Additionally, the right to immediate possession can be determined separately from the right to title in most cases. *See Rice*, 51 S.W.3d at 710. This is true, in part, because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this State. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936); *Rice*, 51 S.W.3d at 710 (Legislature contemplated concurrent actions in district and justice courts to resolve issues of title and immediate possession, respectively).

For example, the case of *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.), involved alleged irregularities in a foreclosure sale. It was alleged that the county court lacked jurisdiction because the issue of possession could not be determined independent of the title issue. *Id*. at 557. Even though *Dormady* involved an alleged title dispute between the same parties, the court determined that the title action could proceed in district

court. The right to immediate possession could be determined under the forcible detainer statute without deciding what irregularities might have occurred in the foreclosure action. *Id*. at 558.

Here, any issues involving title to the property can be resolved in a quiet title action between those parties claiming a title interest—Harrell, Jr., Jones, and the Bank. The determination of the right of immediate possession as between Harrell and the Bank can be made independent of title issues involving the Bank and nonparties.

Harrell further contends that the deed of trust executed by a guardian (Harrell) without order of the probate court should be void, particularly where it results in the sale of the ward's interest at a contractual foreclosure sale. Even assuming the deed of trust conveyed Harrell, Jr.'s interest in the property,[6] the issue of whether the sale was void as to Harrell, Jr.'s interest can be resolved in a quiet title action between Harrell, Jr. and the Bank. *See id*.

Finally, Harrell relies on the case of *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169 (Tex. App.—Houston [1st Dist.] 1995, writ denied). In *Mitchell,* the homeowner signed a promissory note for home improvements secured by a builder's and mechanic's lien contract. The lien contract was foreclosed, and a forcible detainer action was filed. The justice court awarded possession to the note holder, and the county court affirmed. *Id.* at 171. On appeal, it was

---

[6]This allegation is not clear based on the record before the Court. As previously discussed, there is no documentary evidence of a guardianship, and the deed of trust does not indicate that it was executed by Harrell in a representative capacity.

determined that the trial court lacked subject-matter jurisdiction because the issue of immediate possession depended solely on title to the house under the terms of the contract. *Id.*

In this case, as in *Dormady*, the landlord-tenant relationship is established in the original deed of trust. That relationship provides a basis under the statute[7] for determining the right to immediate possession without resolving the allegations by Harrell that nonparties have an ownership interest in the property.

Because we do not find that the issues involving title to the subject property are so intertwined with the issue of who is entitled to immediate possession, we find that the trial court had subject-matter jurisdiction to hear the forcible detainer action and to issue the writ of possession.

**B.      Sufficiency of the Evidence to Sustain the Forcible Detainer Claim**

In his second point of error, Harrell contends that the Bank did not present sufficient evidence that it had a superior right of possession against him, due to Harrell's allegation that he was on the property with the consent of an undivided interest owner. He contends that because the Bank only acquired an undivided interest in the land, one undivided interest owner has no right to evict another undivided interest owner. *Stephens v. Taylor*, 36 S.W. 1083 (Tex. Civ. App. 1896). Harrell alleges the other undivided interest owner is Harrell, Jr. There was no effort on the part of the Bank to evict Harrell, Jr., and whatever interest Harrell had in the property was transferred to the Bank.

---

[7]TEX. PROP. CODE ANN. § 24.002.

11

To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).

Here, the Bank was required to show: (1) the substitute trustee conveyed the property by deed to the Bank after the foreclosure sale; (2) the deed of trust signed by Harrell established a landlord-tenant relationship between Harrell and the Bank; (3) the Bank gave proper notice to Harrell that it required him to vacate the premises; and (4) Harrell refused to vacate the premises.[8] To satisfy those requirements, the Bank relied on its deed of trust, appointment of substitute trustee, the substitute trustee's deed, and the written demand to vacate premises, all entered into evidence without objection.

The trustee's deed establishes that the substitute trustee conveyed the property in question to the Bank and that the Bank was entitled to possession of the property. The deed of trust required Harrell to surrender possession of the property to the Bank as the purchaser at the sale and further provided that failure to do so would cause Harrell to become a "tenant at sufferance." The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Bank and Harrell, which provided a basis for determining the right of possession. *See Villalon*, 176 S.W.3d at 71.

---

[8]TEX. PROP. CODE ANN. §§ 24.002(a)(2), (b), 24.005 (Vernon 2000).

We find the evidence supports the judgment of the trial court on this issue. Harrell's challenge to the sufficiency of the evidence fails. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

### C.     The Timeliness of Harrell's Notice of Appeal

The Bank contends Harrell's notice of appeal was not properly perfected because it did not correctly identify the style of the case as required by Rule 25.1(d)(1) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.1(d)(1). We do not find this argument to be persuasive. Rule 25.1(f) of the Texas Rules of Appellate Procedure provides:

> An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

TEX. R. APP. P. 25.1(f).

Harrell filed an amended notice of appeal May 5, 2009. The judgment was entered February 17, 2009, and Harrell filed a motion for new trial March 5, 2009, in a timely manner. Because the amended notice of appeal was filed within ninety days after the judgment was signed, it was timely filed. TEX. R. APP. P. 26.1(a). Further, the amended notice was filed before Harrell filed his brief, and no objection was made.

13

## V.    CONCLUSION

Because we hold that the trial court had subject-matter jurisdiction and that the Bank proved a superior right to immediate possession sufficient to sustain its claim for forcible detainer, we affirm the judgment of the trial court.


                                        Jack Carter
                                        Justice

Date Submitted:    September 8, 2009
Date Decided:      September 16, 2009

14