In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00055-CV

                                                ______________________________

 

 

                                      TRAVIS CONNALLY,
Appellant

 

                                                                V.

 

                          COUNTRYWIDE HOME LOANS, INC., AND

FANNIE MAE, A/K/A FEDERAL
NATIONAL

MORTGAGE ASSOCIATION,
Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 62nd
Judicial District Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 10,569

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Travis
Connally secured a loan owed to America’s Wholesale Lender[1] with
real estate situated in Franklin County, Texas, granting a deed of trust
against the property.  Although the
record does not reflect how this occurred, Connally’s appellate brief admits
that the underlying debt and lien came to be acquired by Countrywide Home
Loans, Inc.  On Connally’s failure to
comply with the terms of the debt, Countrywide foreclosed its lien through a
substitute trustee’s sale conducted May 1, 2007.  Fannie Mae, also known as Federal National
Mortgage Association (FNMA), was the purchaser at that sale.

            After
the trustee’s sale, FNMA moved to gain possession of the foreclosed realty and,
in doing so, filed a forcible detainer action in a Franklin County justice
court.  After a ruling in the justice court
in favor of Connally, FNMA appealed.  

            Connally
filed a separate action in district court against Countrywide and FNMA which,
styled as an action in declaratory judgment, sought to determine that the
foreclosure (for unspecified reasons) was invalid, to set aside the substitute
trustee’s deed and reinstate the ownership to Connally, to reinstate the loan
in good stead, and to remove any negative credit consequences resulting from
the foreclosure.  The appeal from justice
court and the declaratory judgment action were consolidated into one suit.[2]


            FNMA
filed two separate traditional motions for summary judgment, one to determine
that it was entitled (pursuant to the forcible detainer action) to possession
of the foreclosed property and the other to dispose of Connally’s declaratory
judgment claims that the foreclosure had been somehow defective.

            In
the motion for summary judgment regarding the forcible detainer action, FNMA
attached a business records affidavit which incorporated the following as summary
judgment proof:  (1) an instrument
(mostly illegible) which purports to be a copy of a warranty deed of the realty
in question to Connally; (2) a copy of a deed of trust executed by Connally to
Tommy Bastian as trustee for the benefit of America’s Wholesale Lender, the
mortgagee, placing a lien upon a tract of land in Mt. Vernon, Franklin County,
Texas, which is called to contain 0.223 acres of land; (3) a copy of a
substitute trustee’s deed executed by Shannah Walker, substitute trustee,
reflecting Countrywide Home Loans, Inc., as the holder of the mortgage which
had directed the sale of the mortgaged premises and which purported to convey
the same 0.223-acre tract described in the deed of trust to FNMA (attached to
this trustee’s deed is an affidavit by Jose Trevino stating that the affidavit
related to a lien given by Connally to Mortgage Electronic Registration
Systems, Inc., as nominee and that in relation thereto, notice of acceleration
and trustee’s sale were filed with the county clerk and posted and were sent to
the debtors and that to his “best knowledge and belief,” proper notice of
default was served prior to acceleration of the secured indebtedness and the
mortgagor was not in the armed services); and (4) notices to “Travis P.
Connally” to quit the premises located at 107 Yates Street, Mt. Vernon,
Texas.  Not mentioned but attached were
copies of envelopes addressed to Connally which were returned unserved by
certified mail.  There was also a plea
for attorney’s fees and an affidavit for attorney’s fees.  

            In
response, Connally filed an answer that somewhat recounted the burden the
movant in such a motion bears and stated simply and without elucidation that “[t]here
exists a question of material fact in that the non-judicial foreclosure did not
meet the requirements of the Texas Property Code and therefore Movant has no
legal claim to the property at this time.” 
The only affidavit presented in contravention was the affidavit of
Connally’s attorney that every statement in the response was true and
correct.  There was no contravening
evidence presented and there was no specification listed as to any particular
deficiency in the summary judgment proof. 
A summary judgment disposing of the issue of forcible detainer only was
granted to FNMA by the trial court.

            FNMA’s
other traditional motion for summary judgment was in its posture as the
defendant to Connally’s claim in the declaratory judgment action.  This motion included:  (1) a copy of the same deed of trust mentioned
above; (2) a business records affidavit by Lorena Diaz as the custodian of the
records of Countrywide Home Loans, Inc., which incorporated notices of
intention to accelerate the loan with certified mail envelopes reflecting
attempted service of the same; (3) a business records affidavit by Jacki Fuller
which, although not identifying herself as the custodian of the records of
Barrett Daffin Frappier & Engle, indicates that she had reviewed its
records and concluded that notices of acceleration and notices of sale (copies
of which were incorporated by reference, along with copies of envelopes showing
unsuccessful attempts to deliver these by certified mail to Connally) were sent
by Barrett Daffin Frappier & Engle to Connally at the address last known by
Countrywide and that the property was sold at a substitute trustee’s sale
(incorporating what is purported to be a true and correct copy of the
substitute trustee’s deed). 

            In
his response to this second motion for summary judgment, Connally alleged that
he “could not reasonably have been expected to receive 30 days notice prior to
the sale,” that he did not receive notice of default pursuant to Section
51.002(d) of the Texas Property Code, and that Countrywide “failed to comply
with all applicable statutes in accordance with the Texas Property Code and in
accordance with the terms of the Security Instrument.”  Connally neither identified any particular
deficiency in the steps to foreclosure, challenged the form or sufficiency of
the summary judgment evidence which had been included in FNMA’s motion, nor
provided any contravening summary judgment evidence (other than the same kind
of affidavit by his attorney attached to the previous response).

            A
final summary judgment disposing of Connally’s claim in declaratory judgment
(which also incorporated the partial summary judgment in behalf of FNMA’s claim
for forcible detainer) was entered January 29, 2009. 

            On
appeal, however, Connally points out for the first time what he alleges are
deficiencies in the summary judgment proof. 
He now asserts (1) that the summary judgment proof failed to include a
notice containing language which unequivocally gives a notice of sale (stating
that it only expressed an intention to sell), (2) that the copy of the notice
of sale as tendered for summary judgment proof was not signed, and (3) that the
date shown on the notice of sale offered as summary judgment proof was some
eleven days later than the date on which it was alleged to have been sent.  He then concludes that a genuine issue of
fact exists as to whether Connally received proper notice of sale and alleges
that the lack of signature on the copy of the notice of sale and discrepancies
in the date shown on it “raises a question of authenticity” as to the summary
judgment proof.

            In
its reply brief, FNMA first emphasizes that the trial court had twice
determined that there was sufficient evidence to grant both summary judgments
and that Connally had presented no contravening evidence at the trial
level.  Hence, FNMA seems to argue, we
should not question the ruling of the trial court as to whether an unresolved
question of fact remains.  To adopt this
position, we would be forced to ignore the standard of review for summary
judgments. 

We review a summary judgment de novo.  Provident
Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  We
review the evidence presented in the motion and response in the light most
favorable to the party against whom the summary judgment was rendered,
crediting evidence favorable to that party if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  See City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005); Johnson v. Brewer
& Pritchard, P.C., 73 S.W.3d 193, 208 (Tex. 2002).  The party moving for traditional summary
judgment bears the burden of showing no genuine issue of material fact exists
and it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); see also Knott, 128 S.W.3d at 216.

 

Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d
844, 848 (Tex. 2009).

            As
a second major point, FNMA urges that Connally’s appellate brief is inadequate
and should be rejected, citing Rule 38.1(h) and (i) of the Texas Rules of
Appellate Procedure.  Tex. R. App. P. 38.1(h), (i).

            The
argument portion of the brief filed by Connally contains only one and a quarter
pages; the entire brief cites only one authority, that being Section 51.002(a)
and (b) of the Texas Property Code.  The
brief cites no caselaw at all.  Rule
38.1(i) of the Texas Rules of Appellate Procedure requires that a brief contain
“a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.”  Tex. R.
App. P. 38.1(i).  Bare assertions
of error, without argument or authority, waive error.  Bufkin
v. Bufkin, 259 S.W.3d 343, 354 (Tex. App.––Dallas 2008, pet. denied); Sullivan v. Bickel & Brewer, 943
S.W.2d 477, 486 (Tex. App.––Dallas 1995, writ denied); see Fredonia State Bank v.
Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing “long-standing
rule” that point may be waived due to inadequate briefing). 

            Although
Connally’s submission is so extraordinarily sparse and lacking that we could
easily refuse to consider his points as being inadequately briefed, in the
interest of justice, we will not dispose of it in its entirety on the basis of
inadequate briefing.  On the other hand,
we will only examine the omissions which we determine that Connally has specifically
raised, considering that any points of error not specifically addressed in his
brief have been waived. 

            At
trial, Connally opted to complain generally in each summary judgment response
that the evidence was insufficient to support a summary judgment.  We point out that for the purposes of appeal,
since FNMA’s motions for summary judgment were both traditional motions rather
than “no evidence” motions pursued under Rule 166a(i) of the Texas Rules of
Civil Procedure, it was not necessary for Connally to respond at the trial
level in order to raise the issue of the sufficiency of the evidence in the
grant of a summary judgment on appeal.  Tex. R. Civ. P. 166a(i).  “Summary judgments must stand on their own
merits.  Accordingly, the nonmovant need
not respond to the motion to contend on appeal that the movant’s summary
judgment proof is insufficient as a matter of law to support summary judgment.”
 M.
D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.
2000).  As the Texas Supreme Court stated
in City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671 (Tex. 1979):

            While
it would be prudent and helpful to the trial court for the non-movant always to
file an answer or response, the non-movant needs no answer or response to the
motion to contend on appeal that the grounds expressly presented to the trial
court by the movant’s motion are insufficient as a matter of law to
support summary judgment.

 

Id. at 678 (emphasis added).

            This
same latitude does not, however, extend to objections to specific tenders of
summary judgment evidence.  Connally now
complains on appeal that the copy of the notice of sale as tendered for summary
judgment proof was not a signed copy and that it bore a date which would not
comport with the date the notice was alleged to have been sent.  Yet, Connally made no complaint concerning
these deficiencies in the proffered proof at the trial level in his responses
to the motions for summary judgment.  Rule 166a(f) of the Texas Rules of Civil
Procedure specifically states in part that “[d]efects in the form of affidavits
or attachments will not be grounds for reversal unless specifically pointed out
by objection by an opposing party with opportunity, but refusal, to amend.”  Tex. R.
Civ. P. 166a(f).  Because Connally
failed to complain of the form of the proffered proof (i.e., that it was not a
signed copy) included as summary judgment proof, we will not entertain a
reversal of the summary judgment on that account.  We point out further that although Section
51.002 of the Texas Property Code requires that certain notices be sent in the
foreclosure procedure, the statute does not contain a requirement that these
notices bear a signature.  Tex. Prop. Code Ann. § 51.002 (Vernon Supp.
2009).  Further, there does not appear to
be a requirement that any of these notices must bear the date that they are
prepared; the statute concentrates on the dates the notices are sent, not the
dates the notices bear.  

            General
Texas law requires clear notice of intent to exercise acceleration rights,
followed (if the debtor continues in default) by notice of actual acceleration.
 See
Ogden v. Gibraltar Sav. Ass’n, 640
S.W.2d 232, 233–34 (Tex. 1982); Burns v.
Stanton, 286 S.W.3d 657, 661–62 (Tex. App.––Texarkana 2009, pet. filed).  Connally further claims that although both
motions for summary judgment contain copies of notices of acceleration, only
the second of such motions (the one dealing with the action for declaratory
judgment) contains a copy of the notice of sale as required by Section
51.002(b) of the Texas Property Code to be posted and sent to the debtor.  Although this is correct, a copy of the
notice of acceleration was required only in the action for declaratory
judgment, not (as explained below) in the action for forcible detainer.

            An
action in forcible detainer is intended to be a speedy and inexpensive means
for resolving the question of who is entitled to immediate possession of
property without resorting to an action upon title.  Falcon
v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.––Corpus Christi 1998, no pet.)
(citing Cuellar v. Martinez, 625
S.W.2d 3, 5 (Tex. Civ. App.––San Antonio 1981, no writ)).  The sole issue to be addressed by the trial
court is who has the right of immediate possession.  Harrell
v. Citizens Bank & Trust Co., 296 S.W.3d 321, 326 (Tex. App.––Texarkana
2009, pet. dism’d); Villalon v. Bank One,
176 S.W.3d 66, 70 (Tex. App.––Houston [1st Dist.] 2004, pet. denied).

            FNMA
presented evidence of the deed of trust signed by Connally which granted the power
of nonjudicial foreclosure; that deed of trust specifically provided that if
the property is sold through foreclosure of the lien, the “Borrower shall
immediately surrender possession of the Property to the purchaser at that
sale.  If possession is not surrendered,
Borrower . . . shall be a tenant at sufferance.”  FNMA also presented evidence of the substitute
trustee’s deed.  A person (including an
occupant at the time of foreclosure of a lien) who refuses to surrender
possession of real property on demand commits a forcible detainer.  Tex.
Prop. Code Ann. § 24.002(a)(2) (Vernon 2000). 

            Connally’s
sole challenge in the forcible detainer action regards the sufficiency of the
notices which were predicate to the foreclosure sale and the granting of the substitute
trustee’s deed which divested him of title. 
Connally’s sole challenge goes to the issue of title of the property
(i.e., the validity of the trustee’s deed), not to the right of possession.  Rule 746 of the Texas Rules of Civil Procedure
highlights the limited purpose of a forcible detainer action, in stating that
the “only issue” in a forcible detainer action is “the right to actual
possession; and the merits of the title shall not be adjudicated.”  Tex. R.
Civ. P. 746.  

            We
find the summary judgment evidence in both the action in forcible detainer and
in defense of the action for declaratory judgment were sufficient to sustain
the judgments against the complaints raised by Connally on appeal. 

            We
affirm the judgment of the trial court. 

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice


Date Submitted:          February 18, 2010

Date Decided:             March 5, 2010

 











[1]Mortgage
Electronic Registration System, Inc., is shown as an additional beneficiary.

 





[2]Because
Countrywide and FNMA assumed an identical role in this consolidated suit,
references to them are hereafter made collectively in the singular as FNMA.