NUMBER 13-08-00604-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG


____________________________________________________________

          

JOHN
O. ROBERTS,                                                                     Appellant,

 

v.

 

SEAN
LEEDY,                                                                                  Appellee.

____________________________________________________________

 

On appeal from the
County Court at Law No. 1

of Hidalgo County,
Texas.

____________________________________________________________

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza[1]

Memorandum Opinion by
Justice Rodriguez

 

            John
O. Roberts appealed from a summary judgment rendered against him in county
court in a forcible detainer action.  By opinion issued on June 3, 2010, this
Court issued an opinion and judgment dismissing the appeal.  Currently pending
before the Court is appellee, Sean Leedy’s “Motion to Clarify Judgment.”  We
grant appellee’s motion to clarify judgment.  We withdraw the opinion and
judgment previously issued in this cause on June 3, 2010, and we substitute
this opinion and judgment in their stead.  

            Sean
Leedy, appellee herein, has moved to dismiss this appeal for want of
jurisdiction.  We dismiss the appeal.

I.  Background

            Roberts
filed a petition in the Justice of the Peace Court, Precinct No. 1, Place 2 of
Hidalgo County, Texas, seeking to evict Leedy from “the premises located at
Progreso Airport Hanger” on grounds that Leedy was in default on rental
payments.  Roberts won the action in justice of the peace court, and Leedy
appealed to County Court at Law No. 1 of Hidalgo County.  

            In
county court, Leedy moved for summary judgment on jurisdictional grounds. 
According to the motion for summary judgment, Leedy was occupying the premises
under an oral lease with Diane M. Peterson when Roberts demanded that Leedy
vacate the property and instituted eviction proceedings.  Roberts alleged that
he had obtained title to the property by purchase from Allan L. Peterson, Diane’s
husband.  In contrast, Diane testified under oath that:  she leased the
property to Leedy; she owned the property; the property was her sole and
separate property because she had acquired it as a gift from her father; her
husband had no authority to convey the property to Roberts; there was a title
dispute between Leedy and Roberts as to the ownership of the property; and she
was seeking to set aside the alleged conveyance of the property in a separate
lawsuit, still pending in a different cause in a separate district court
proceeding.  In short, Peterson’s testimony established that there was a
dispute regarding title to the property. 

            The
county court at law granted Leedy’s motion for summary judgment, and this
appeal ensued.  Leedy has now moved to dismiss the appeal on grounds that the
property at issue in this lawsuit is a commercial property.  More than ten days
have passed since appellee’s motion to dismiss was filed and appellant has not
filed a response to the motion to dismiss.  This matter is before us on the
documents filed to date, the motion to dismiss, and the clerk’s record.

II.  Forcible Entry and Detainer

            The
forcible detainer action is the procedural vehicle by which the right to
immediate possession of real property is determined.[2] 
Ward v. Malone, 115 S.W.3d 267, 270 (Tex. App.–Corpus Christi 2003, pet.
denied).  Such an action is intended to be a speedy and inexpensive means for
resolving the question of who is entitled to immediate possession of property
without resorting to an action upon title.  Harrell v. Citizens Bank &
Trust Co., 296 S.W.3d 321, 325 (Tex. App.–Texarkana 2009, pet. dism’d);
Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.–Corpus Christi 1998, no
pet.).  The only issue in a forcible detainer action is the right to actual
possession of the premises.  Marshall v. Hous. Auth., 198 S.W.3d 782,
785-86 (Tex. 2006); see Tex. R.
Civ. P. 746.  In cases of forcible entry or forcible detainer, the
“merits of the title shall not be adjudicated.”  Tex. R. Civ. P. 746; Hong Kong Dev., Inc. v. Nguyen,
229 S.W.3d 415, 434 (Tex. App.–Houston [1st Dist.] 2007, no pet.).  

            By
statute, a justice court has jurisdiction over a forcible detainer action.  See Tex. Prop. Code Ann. § 24.004 (Vernon
2000).  In keeping with the foregoing prohibition against the adjudication of
title in a forcible detainer action, a justice court is expressly deprived of
jurisdiction to determine or adjudicate title to land.  See Tex. Gov't Code Ann. § 27.031(b)(4)
(Vernon Supp. 2009).  From justice court, a forcible detainer suit may be
appealed to the county court for a de novo review.  See Tex. R. Civ. P. 749; Hong Kong Dev.,
Inc., 229 S.W.3d at 433-34.  The appellate jurisdiction of the county court
is confined to the jurisdictional limits of the justice court.  Salaymeh v.
Plaza Centro, LLC, 264 S.W.3d 431, 435 (Tex. App.–Houston [14 Dist.] 2008,
no pet.); Hong Kong, 229 S.W.3d at 434.  Therefore, neither the justice
court, nor a county court on appeal, can resolve questions of title beyond the
immediate right to possession.  See Bacon v. Jordan, 763 S.W.2d 395, 396
(Tex. 1988).

            A
forcible detainer action is cumulative, not exclusive, of other remedies a
party may have in the courts of this State, including a suit to try title.  Salaymeh,
264 S.W.3d at 435-36; Rice v. Pinney, 51 S.W.3d 705, 709 (Tex.
App.--Dallas 2001, no pet.); see Scott v. Hewitt, 127 Tex. 31, 35, 90
S.W.2d 816, 818-19 (1936).  The displaced party is entitled to bring a separate
suit in the district court to determine questions of title.  Salaymeh,
264 S.W.3d at 435-36.  Accordingly, forcible detainer suits in justice court
may run concurrently with an action in another court even if the other action
involves adjudication of matters that could result in a different determination
of possession from the decision rendered in the forcible detainer suit.  Id.;
Hong Kong Dev., Inc., 229 S.W.3d at 437.

            To
prevail in a forcible detainer action, a plaintiff is only required to show sufficient
evidence of ownership to demonstrate a superior right to immediate possession. 
Rice, 51 S.W.3d at 709.  However, where the right to immediate
possession necessarily requires resolution of a title dispute, a justice court
has no jurisdiction to enter a judgment. Id.  Accordingly, a justice
court is not deprived of jurisdiction merely by the existence of a title
dispute; it is deprived of jurisdiction only if resolution of a title dispute
is a prerequisite to determination of the right to immediate possession. See
id.; cf. Dass, Inc. v. Smith, 206 S.W.3d 197, 200-01 (Tex.
App.–Dallas 2006, no pet.)(holding that, where relationship between parties was
one of buyer-seller, determination of right to immediate possession of property
necessarily required resolution of title dispute).

            The
claimed right as to immediate possession as between Roberts, the alleged
purchaser of the property, and Leedy, who rented the property from Diane, the
owner of the property, depends on a resolution of the title dispute as between
Roberts and Diane.  If Roberts did not have title to the property, he did not
have the right to evict Leedy.  The resolution of the title dispute is
necessarily intertwined with the issue of possession , and the determination of
title to the subject property is the dispositive issue.  Therefore, both the
justice and county courts lacked jurisdiction to resolve the title dispute. 

            Moreover,
as asserted by Leedy in his motion to dismiss, we have no jurisdiction to
consider the issue of possession in a forcible detainer action if the disputed
premises were used for commercial purposes.  See Tex. Prop. Code Ann. § 24.007 (Vernon 2000) ("A final
judgment of a county court in an eviction suit may not be appealed on the issue
of possession unless the premises in question are being used for residential
purposes only."); Terra XXI, LTD. v. Ag Acceptance Corp., 280
S.W.3d 414, 416 (Tex. App. Amarillo 2008, pet. denied); Hong Kong Dev., Inc,
229 S.W.3d at 431-32; Volume Millwork, Inc. v. W. Houston Airport Corp.,
218 S.W.3d 722, 726-27 (Tex. App.–Houston [1st Dist.] 2006, pet. denied); Carlson's
Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture, 957 S.W.2d
951, 952-53 (Tex. App.–Austin 1997, no pet.).  The prohibition against
considering possession includes consideration of any finding that is essential
to, dependent on, or primarily concerned with the issue of possession.  Hong
Kong Dev., Inc., 229 S.W.3d at 431-432 (collecting authorities).  

            In
support of his motion to dismiss, Leedy points to language in Robert’s petition
for eviction describing the premises as the “Progreso Airport Hangar in
Progreso, Texas,” the affidavit from Diane referring to the property as “the
airstrip property,” the affidavit from Leedy which states that he “planned to manufacture
metal works on the property,” and the writ of attachment, which describes the
property as “Progreso airstrip . . . including the Airstrip Hangar and
surrounding area, adjacent storage bins contained within fenced area, the Horse
Pasture to the East of the Hangar, and the airstrip running south along the
edge of the drain ditch, but not including any farm land.”   

            It
is undisputed that the property at issue herein was not used for residential
purposes only.  Consequently, this court does not have jurisdiction of the
appeal as it relates to the issue of possession.  See Tex. Prop. Code Ann. § 24.007. 

 

III.  Conclusion

            The
Court, having examined and fully considered the documents on file, is of the
opinion that the appeal should be dismissed for want of jurisdiction. 
Accordingly, we GRANT Leedy’s motion to dismiss and DISMISS the appeal for want
of jurisdiction.  We GRANT the Honorable Charles Starling’s motion to withdraw
as attorney of record.  We DENY the motion to expedite issuance of mandate.

 

                                                                                                            NELDA
V. RODRIGUEZ

                                                                                                            Justice

Delivered
and filed the 

14th
day of April, 2011. 

            









[1] The Honorable Linda Reyna Yañez,
former Justice of this Court, did not participate in this opinion because her
term of office expired on December 31, 2010, and she was replaced on panel by
Chief Justice Rogelio Valdez in accordance with the appellate rules.  See
Tex. R. App. P. 41.1(a).

 





[2] The cause of action for forcible
entry and detainer and forcible detainer are distinct:  the former is
appropriate when determining the right to immediate possession when the initial
entry was unlawful or forcible and the continued possession is unlawful, and
the latter is appropriate when the initial entry was lawful but the continued
possession of the premises is unlawful.  Compare Tex. Prop. Code Ann. § 24.001 (Vernon 2000) ("Forcible
Entry and Detainer"), with id. § 24.002 (Vernon 2000)
("Forcible Detainer"); see Yarto v. Gilliland,  287 S.W.3d 83,
87 n.3  (Tex. App.–Corpus Christi 2009, no pet.).  In the present case, the
action is one for forcible detainer.  However, for purposes of determining the
jurisdiction of the lower courts in this case, the difference between the two
actions is not relevant.  All we must determine is whether specific evidence of
a title dispute, requiring resolution before the immediate right to possession
can be decided, was presented to the lower courts.  See id.; see also
Hopes v. Buckeye Ret. Co., No. 13-07-00058, 2009 Tex. App. LEXIS 2244,
at **3-4 (Tex. App.–Corpus Christi Apr. 2, 2009, no pet.) (mem. op.).