# NO. 12-22-00234-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DIANN MARSHALL, ET AL,* *APPELLANT* | § | *APPEAL FROM THE COUNTY* |
| | § | *COURT AT LAW NO 1* |
| *V.* | | |
| | § | *HENDERSON COUNTY, TEXAS* |
| *U.S. BANK, N.A., AS TRUSTEE,* *SUCCESSOR IN INTEREST TO* *WACHOVIA BANK, NATIONAL* *ASSOCIATION, AS TRUSTEE FOR* *MID-STATE TRUST XI,* *APPELLEE* | | |

## *MEMORANDUM OPINION*

Diann Marshall, pro se, appeals the trial court's judgment in favor of U.S. Bank, N.A., as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Mid-State Trust XI (the Bank) in this forcible detainer action. She raises five issues on appeal. We affirm.

## BACKGROUND

Marshall purchased the home and property that is the subject of this suit in 2014. As part of the transaction, she executed a note secured by a deed of trust. Marshall's son resided at the property and made the payments under the note. In 2019, Marshall's son stopped making payments. The Bank purchased the property at a nonjudicial foreclosure sale. The Bank filed a forcible detainer action against Marshall in justice court to remove Marshall and her son from the home. The justice court ruled in the Bank's favor, and Marshall appealed to the county court at law. After a trial de novo, the county court at law also found in favor of the Bank and issued a judgment granting possession to the Bank. Marshall appealed to this Court.

## SUBJECT MATTER JURISDICTION

In her first issue, Marshall argues that the justice court did not have subject matter jurisdiction over the forcible detainer action and therefore, the county court at law also lacked jurisdiction. Specifically, Marshall appears to argue that the issue of the title to the real property is necessarily intertwined with the issue of possession, which deprived the justice court and county court at law of jurisdiction to resolve the dispute.

### Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Subject matter jurisdiction is essential to a court's power to decide a case and presents a question of law that courts must review de novo. *See City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013).

### Applicable Law

District courts generally have exclusive jurisdiction to determine title to real property. *See* TEX. GOV'T CODE ANN. § 26.043 (West 2019); *Bynum v. Lewis*, 393 S.W.3d 916, 918 (Tex. App.—Tyler 2013, no pet.). The jurisdiction of a forcible detainer action, however, is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. GOV'T CODE ANN. § 27.031(a)(2) (West Supp. 2022); TEX. PROP. CODE ANN. § 24.004(a) (West 2023); TEX. R. CIV. P. 510.10(c).

A forcible detainer suit is intended to be a simple and cost-effective way to determine right to immediate possession of real property. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013). The only issue in an action for forcible detainer is the right to actual possession of the premises. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see* TEX. R. CIV. P. 510.3(e).

Forcible detainer actions are cumulative of any other legal remedy a party may have, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh v. Plaza Centro*, LLC, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.). If it becomes apparent that a genuine issue of title exists in a forcible

detainer action, a justice court or county court does not have jurisdiction over the matter. ***Mitchell v. Armstrong Capital Corp.***, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

On the other hand, if the issues of title and possession are not so intertwined, "a forcible detainer suit in justice court may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit." ***Hong Kong Dev., Inc. v. Nguyen***, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Matters relating to possession may overlap in the two proceedings without affecting the county court's jurisdiction to determine immediate possession because "a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." ***Id.*** In most cases, when there are issues of title and right to immediate possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *See* ***Rice***, 51 S.W.3d at 708.

When there is an independent basis for possession, such as when a deed of trust establishes a landlord-tenant or tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners, the justice court or county court can determine the issue of immediate possession without resolving the issue of title to the property. *See* ***Lua v. Capital Plus Fin., LLC***, 646 S.W.3d 622, 629-30 n.3 (Tex. App.—Dallas 2022, pet. denied). Not only can the right to immediate possession be determined separately from the right to title, but the Texas Legislature purposely established just such a system. ***Id.*** Challenges to the validity of a foreclosure sale do not deprive the justice court or county court of jurisdiction in such circumstances. ***Id.***

**Discussion**

Marshall contends that the justice court and consequently, the county court at law, lacked jurisdiction to grant judgment in favor of the Bank in this forcible entry and detainer suit. Specifically, she alleges that there are title issues that are necessarily intertwined with possession that require the title issues to be resolved first in the district court. We disagree.

The original instrument erroneously identifies a portion of the property description as "E" for east, when the correct identification should have been "W" for west. It also incorrectly

identified that particular measurement as ending at the "southeast" corner of the property, when it was actually the "southwest" corner of the property. The Bank followed the procedure in Texas Property Code Section 5.028(a) and executed a correction instrument to correct the nonmaterial error. *See* TEX. PROP. CODE ANN. § 5.028(a)(1) (West 2021). Although the correction instrument correctly modified the "E" to "W," the Bank neglected to change the word "southeast" to "southwest." Marshall claims that this remaining defect is a material defect that required her signature to correct, thereby creating a cloud of title negating the foreclosure sale. Marshall also contends that the Bank assessed improper charges under the terms of the instrument and that there were errors in the foreclosure process.

To defeat jurisdiction, it was Marshall's burden to provide specific evidence of a genuine title dispute intertwined with the issue of possession. *See **Henderson v. Altura Realty LLC***, No. 05-21-00860-CV, 2023 WL 3860428, at *3 (Tex. App.—Dallas June 7, 2023, no pet. h.) (mem. op.). These title issues raised by Marshall are not necessarily intertwined with the issue of possession, did not deprive the justice court and county court at law of jurisdiction of this forcible detainer suit, and are to be resolved in a parallel proceeding to quiet title in an appropriate district court. *See, e.g.*, ***Jelinis, LLC v. Hiran***, 557 S.W.3d 159, 168-70 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (holding allegations of improper charges under loan were not title issues necessarily intertwined with forcible detainer issue of immediate possession, and homeowners were subject to tenancy-at-sufferance clause and trial court should not have dismissed bank's forcible detainer suit).

Moreover, as we discuss in the next section, there is an independent basis upon which the justice court and county court at law could have decided the right of immediate possession without resolving any title disputes, namely that the terms of the deed of trust established a tenant-at-sufferance relationship granting the Bank a superior right of immediate possession.

Marshall's first issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

In her second issue, Marshall appears to challenge whether the Bank proved it had a superior right of immediate possession of the property in question sufficient to sustain its forcible detainer claim.

4

**Standard of Review**

In an appeal from a bench trial where neither party has requested findings of fact and conclusions of law, the trial court's implied findings are reviewable for legal and factual sufficiency of the evidence. *See **Shields Ltd. P'ship v. Bradberry***, 526 S.W.3d 471, 480 (Tex. 2017).

Evidence is legally insufficient to support a finding when: (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.*; *Lua*, 646 S.W.3d at 632 (applying legal sufficiency standard in forcible detainer case). When determining whether legally sufficient evidence supports a finding, an appellate court must consider evidence favorable to the finding if the factfinder could reasonably do so and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Shields*, 526 S.W.3d at 480; *Lua*, 646 S.W.3d 622, 632.

In reviewing a factual sufficiency challenge as to whether the Bank met its burden to prove it had a superior right of possession to the property, we must first consider, weigh, and examine all of the evidence contrary to the jury determination. *Harrell v. Citizens Bank & Tr. Co. of Vivian, La.*, 296 S.W.3d 321, 325 (Tex. App.—Texarkana 2009, pet. dism'd w.o.j.). The finding should be set aside only if the evidence supporting the jury finding is so weak as to be clearly wrong and manifestly unjust. *Id.*

**Applicable Law**

As we have stated, the sole issue in a forcible detainer action is which party has the right to immediate possession of the property. TEX. R. CIV. P. 510.3(e); *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2023).

To prevail, the plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Morris*, 360 S.W.3d at 34. Where a deed of trust establishes a landlord and tenant-at-sufferance relationship between the purchaser at the foreclosure sale and the previous owners, a basis for possession exists on which the justice or

5

county court could determine the issue of immediate possession without resolving the issue of title to the property. ***Black v. Wash. Mut. Bank***, 318 S.W.3d 414, 418 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

Thus, the plaintiff meets its burden by establishing that (1) it has a landlord-tenant relationship with the borrower, (2) it purchased the property at foreclosure, (3) it gave proper notice to the occupants of the property to vacate, and (4) the occupants refused to vacate the premises. ***Trimble v. Fed. Nat'l Mortg. Ass'n***, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The court may determine the issue of immediate possession even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title. ***Wells Fargo Bank, N.A. v. Ezell***, 410 S.W.3d 919, 921 (Tex. App.—El Paso 2013, no pet.). A plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See* ***Rice***, 51 S.W.3d at 709.

**Discussion**

On November 14, 2014, Marshall executed a purchase money deed of trust to secure payment of the loan used to purchase the subject property. The trial court admitted the deed of trust into evidence, which authorized the lender to require immediate payment in full of all sums secured under the terms of the loan in the event of default. It also authorized the lender to invoke the power of sale through foreclosure proceedings. The deed of trust permitted the sale of the property to the highest bidder including the lender or its designee.

The deed of trust also states that "[i]f any PROPERTY is sold under this Deed of Trust, GRANTOR shall immediately surrender possession to the purchaser. If GRANTOR fails to do so, GRANTOR shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer."

Marshall and her son testified at the hearing that Marshall's son resides at the property in question. It is undisputed that the last payment made under the terms of the instrument was in 2019. Marshall's son admitted that he was "behind" on the payments. Accordingly, the evidence shows that Marshall defaulted under the terms of the instruments, subjecting the property to foreclosure proceedings.

As evidenced by a substitute trustee's deed, the property was sold to the Bank at a foreclosure sale held on November 3, 2020. As a result of the foreclosure sale, Appellant

6

became a tenant-at-sufferance pursuant to the above-quoted provision in the deed of trust. *See Black*, 318 S.W.3d at 418.

On January 19, 2022, the Bank sent written notice to vacate and a demand for possession of the property to Marshall and all other occupants. The trial court admitted a business records affidavit which included the notice to vacate and contained sworn testimony from the Bank's custodian of records that the first-class mailer used to send the notice "was not returned to this office."

The justice court and county court at law had before them documentation showing that the bank purchased the property at a foreclosure sale creating a landlord and tenant-at-sufferance relationship between Marshall and the Bank. *See id.* Thus, the Bank showed a superior right to possession of the property. *Trimble*, 516 S.W.3d at 29. Marshall essentially contends that the Bank has not shown that it has good title to the property. Marshall contends that the Bank assessed incorrect charges in excess of the normal payment under the terms of the instrument. Defects in the foreclosure process or in the Bank's title to the property may not be considered in this forcible detainer suit. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *see also Robinson v. Wells Fargo Bank, N.A.*, No. 12-14-00212-CV, 2015 WL 5714546, at *2 (Tex. App.—Tyler Sept. 30, 2015, pet. dism'd) (mem. op.) (applying same analysis in similar case). Accordingly, the evidence is legally and factually sufficient to support the trial court's judgment in the Bank's favor. *See Robinson*, 2015 WL 5714546, at *2.

Marshall's second issue is overruled.

## REMAINING ISSUES

Texas Rule of Appellate Procedure 38.1(*i*) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(*i*). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (appellate court has discretion to deem issues waived due to

inadequate briefing). References to sweeping statements of general law are rarely appropriate. ***Bolling v. Farmers Branch Ind. Sch. Dist.***, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.).

Even though we must construe briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. ***San Saba Energy, L.P. v. Crawford***, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An appellate court has no duty—nor any right—to perform an independent review of the record and applicable law to determine whether there was error. ***Canton–Carter v. Baylor Coll. of Med.***, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.); ***Valadez v. Avitia***, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. ***Valadez***, 238 S.W.3d at 845.

Moreover, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. ***Mansfield State Bank v. Cohn***, 573 S.W.2d 181, 184–85 (Tex. 1978); ***Interest of A.E.***, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

In Marshall's "table of contents" section of her brief, she identifies five issues for our review on appeal: (1) "trial court's lack of jurisdiction;" (2) "trust deed, title transfer and warranty deed irregularities;" (3) "exclusion of testimony and factual evidence;" (4) "deceptive trade practices and debt collection practices;" and (5) "easement."

In her third issue, Marshall appears to have inserted a portion of a treatise generally discussing error preservation in an automobile accident case, but she does not explain or provide any argument as to how that treatise applies to her facts. *See **Sweed v. City of El Paso***, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.) ("merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38). In any event, the trial court admitted the evidence that she offered at the hearing, even over the Bank's objections.

Furthermore, in describing her fourth issue, Marshall cites the Texas Deceptive Trade Practices Act and Texas Debt Collection Practices Act generally but provides no substantive argument explaining how the Bank allegedly violated these statutes. *See* ***id.***

Finally, in her "issues presented" section of her brief, she identifies only the first four issues listed in the "table of contents" section, omitting the fifth issue entitled "easement," and any argument related to an easement is nowhere in her brief.

Marshall presents nothing for our review regarding her third, fourth, and fifth issues, and has accordingly waived these issues. *See* TEX. R. APP. P. 38.1(*i*); ***WorldPeace***, 183 S.W.3d at 460; *see also* ***Fredonia State Bank***, 881 S.W.2d at 284-85.

Marshall's third, fourth, and fifth issues are overruled.

## DISPOSITION

Having ***overruled*** Marshall's five issues, the trial court's judgment is ***affirmed***. All pending motions are ***overruled***.

BRIAN HOYLE
Justice

Opinion delivered June 30, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2023

NO. 12-22-00234-CV

**DIANN MARSHALL, ET AL,**
Appellant
V.
**U.S. BANK, N.A., AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MID-STATE TRUST XI,**
Appellee

Appeal from the County Court at Law No 1
of Henderson County, Texas (Tr.Ct.No. 00117-CCL-22)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance. Costs are taxed against the party incurring same.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*