Sheik TEHUTI and All Occupants of 3416 Manordale Court, Forest Hill, TX 76140, Appellants

v.

The BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION f.k.a. The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, as Trustee for Residential Asset Securities Corporation, et al., Appellees

No. 06–16–00047–CV

Court of Appeals of Texas, Texarkana.

Submitted: January 3, 2017

Decided: March 17, 2017

Sheik Tehuti, Hutchins,TX, pro se.

Mark D. Cronenwett, Mackie Wolf Zientz & Mann, PC, Dallas, TX, for Appellee

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

The Bank of New York Mellon Trust Company, National Association, formerly known as The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as trustee for Residential Asset Securities Corporation, et al. (the Bank), foreclosed on 3416 Manordale Court, Forest Hill, Texas, 76140 (the Property) after Sheik Tehuti defaulted under the terms of a security agreement. The Bank, which purchased the Property at the foreclosure sale, sent a notice to vacate to Tehuti and all other occupants of the Property (collectively Tehuti). Because Tehuti failed to timely vacate the premises, the Bank filed a suit to evict him. The justice court rendered judgment for the Bank, and a trial de novo following Tehuti's appeal of the justice court's decision to the county court at law yielded the same result.[1] Tehuti brings five issues, essentially

---

1. Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this

challenging the propriety of the underlying foreclosure sale. Because Tehuti can neither raise challenges to the underlying foreclosure proceeding nor challenge title in this forcible entry and detainer lawsuit, we affirm the trial court's judgment.

## I. Factual Background

On March 22, 2004, Tehuti signed a Texas Home Equity Security Instrument as security for a $58,208.00 promissory note, which allowed him to purchase the Property. The security agreement provided:

> The lien evidenced by this Security Instrument may be foreclosed upon only by a court order. Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings related to the foreclosure of liens ....
>
> .... It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available by law. ... To the extent the Rules do not specify a procedure for the exercise of a power of sale, the following provisions ... shall apply, if Lender invokes the power of sale. Lender or Trustee shall give notice of the time, place and term of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice at least 21 days prior to sale. ... Sale shall be made at public vendue .... Borrower authorizes Trustee to sell the Property to the highest bidder for cash .... Lender or its designee may purchase the Property at any sale. ...
>
> ....
>
> If the Property is sold[,] ... Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

According to the Bank, Tehuti defaulted on the note. Consequently, on December 22, 2015, the 67th Judicial District Court of Tarrant County, Texas, signed a "Default Order" allowing the Bank to proceed with foreclosure of the Property. The order allowing foreclosure cited Texas Rule of Civil Procedure 736 [2] and stated, "This Order is not subject to a motion for rehearing, a new trial, a bill of review, or an appeal. Any challenge to this order must be made in a separate, original proceeding filed in accordance with Texas Rule of Civil Procedure 736.11." [3]

Court on any relevant issue. *See* Tex. R. App. P. 41.3.

**2.** Rule 736.1 of the Texas Rules of Civil Procedure provides "for an expedited order allowing the foreclosure of a lien listed in Rule 735." Tex. R. Civ. P. 736.1(a). Rule 735.1 "allow[s] foreclosure of a lien containing a power of sale in the security instrument." Tex. R. Civ. P. 735.1.

**3.** When Tehuti discovered the existence of the order allowing foreclosure, he filed a "Motion for Emergency Hearing Subject Matter Juris-

diction" and a motion seeking a bill of review. On March 17, 2016, the trial court signed an order denying those motions for want of jurisdiction. Tehuti attempted an unsuccessful appeal of that order. *Tehuti v. Bank of N.Y. Mellon Trust Co.*, No. 02-16-00097-CV, 2016 WL 2989487, at *1 (Tex. App.–Fort Worth May 19, 2016, no pet.) (per curiam) (mem. op.) (explaining that an order issued under Rule 736 that grants an application for an expedited order allowing foreclosure of a lien is not appealable).

Pursuant to the order allowing foreclosure, the trustee sold the Property through a foreclosure sale conducted on the courthouse steps on February 2, 2016. A trustee's deed demonstrated that the Bank purchased the Property on February 2, 2016, for $70,694.80. On February 11, 2016, the Bank sent Tehuti a notice to vacate the premises. The letter stated that, if Tehuti and all other occupants did not vacate the property within three days, then a forcible detainer suit would be filed.

When Tehuti and the other occupants of the Property failed to vacate, the Bank filed a suit for forcible detainer to evict them from the premises in the Justice Court, Precinct 8, of Tarrant County, Texas. The justice court rendered judgment for the Bank, awarding it possession of the Property. Tehuti appealed the justice court's judgment to the County Court at Law Number 1 of Tarrant County, Texas. During its trial de novo, the county court at law admitted into evidence the security agreement, the order allowing foreclosure, the trustee's deed, and the notice to vacate. The county court at law also rendered a judgment awarding possession of the Property to the Bank. Tehuti now appeals the judgment of the county court at law.

## II. We Cannot Address Tehuti's Complaints Related to "Wrongful Foreclosure"

In several points of error, Tehuti attempts to challenge the order allowing foreclosure on the basis of wrongful foreclosure.[4] "The validity of a foreclosure sale may not be determined in a suit for forcible detainer but must be brought in a separate suit." *Tehuti v. Trans–Atlas Fin., Inc.*, No. 05-14-00126-CV, 2015 WL 1111400, at *2 (Tex. App.–Dallas Mar. 12, 2015, pet. dism'd, w.o.j.) (mem. op.) (citing TEX. R. CIV. P. 510.3(e)). Therefore, we cannot address these arguments on appeal from an eviction suit.

"A forcible detainer action is a special proceeding . . . . created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises."[5] *Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *2 (Tex. App.–Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.) (quoting *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.–Dallas 2001, no pet.)); *see Borunda v. Fed. Nat'l Mortg. Ass'n*, No. 08-13-00331-CV, 511 S.W.3d 731, 733–35, 2015 WL 7281536, at *2–3 (Tex. App.–El Paso Nov. 18, 2015, no pet.). "The right to immediately possess

---

4. Tehuti claims (1) that the Bank failed to establish a default under the security agreement, (2) that he was not properly notified about the underlying foreclosure proceeding, (3) that the order allowing foreclosure was erroneously entered, (4) that the Bank did not establish a clear chain of title to the Property, (5) that the foreclosure violated the Fair Debt Collection Act, the National Banking Act, the Truth in Lending Act, the Banking Positive Law Congressional Act, the Home Ownership and Equity Protection Act, all depriving him of life, liberty, and due course of law, (6) that "claims of a mortgage note [are] not attached to [the Bank]," and (7) that the Bank wrongfully sold the Property after obtaining the order awarding it possession of the Property.

5. To prevail on its forcible detainer action, the Bank had to prove (1) it owned the property by virtue of a foreclosure sale deed, (2) Tehuti became a tenant at sufferance when the property was sold under the security agreement, (3) the Bank gave Tehuti and the other occupants notice to vacate the premises, and (4) Tehuti and the other occupants refused to vacate the premises. *See Tehuti*, 2015 WL 1111400, at *2. Tehuti's pro se brief does not appear to argue that the Bank failed to meet its burden. Instead, it relies on arguments affecting title.

real property is not necessarily contingent on proving full title, and '[t]he Texas [Legislature] has specifically bifurcated the questions of possession and title[ ] and placed jurisdiction for adjudicating those issues in separate courts.' " *Borunda,* 511 S.W.3d at 734, 2015 WL 7281536, at *2 (second alteration in original) (quoting *Murray v. U.S. Bank Nat'l Ass'n,* 411 S.W.3d 926, 928 (Tex. App.–El Paso 2013, no pet.)). While the justice courts have original jurisdiction over forcible detainer cases, they do not have jurisdiction in a trespass-to-try-title case. TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4) (West Supp. 2016). Thus, "the county court sitting as an appellate court on trial *de novo* only ha[s] jurisdiction to consider the issue of possession, not title." *Borunda,* 511 S.W.3d at 734, 2015 WL 7281536, at *2.

■ "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice,* 51 S.W.3d at 709. Thus, "[w]here the issue of immediate possession necessarily involves resolution of a title dispute, the justice court is divested of subject-matter jurisdiction and has no power to render judgment." *Borunda,* 511 S.W.3d at 734, 2015 WL 7281536, at *2. "However, where the issue of the superior right of possession can be determined separately from title issues, the justice court has jurisdiction to decide the case." *Id.* at 734, *2; *see Mosely,* 2015 WL 9942695, at *3. Where,

as here, "foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Mosely,* 2015 WL 9942695, at *3.

Because the issues of title and wrongful foreclosure were not before the county court at law in this forcible detainer action, we cannot address Tehuti's arguments challenging the order allowing foreclosure.

## III. The Trial Court Did Not Consider Tehuti's Counterclaims

■ On March 7, 2016, Tehuti filed a "Complaint and Counter Claim," in which he asserted bank fraud, denied that he ever had a mortgage on the Property or an account with the bank, and alleged that the property was paid in full in 2011.[6] Tehuti further stated that he did not own the Property because it was sold to Fahamme Nation of Nations (Fahamme) in 2014.[7] Mistakenly believing that the trial court granted summary judgment on his counterclaims, Tehuti argues that the trial court erred.

■ The record demonstrates that Tehuti did not move for summary judgment and that the trial court correctly determined that it was without jurisdiction to review these counterclaims. In a forcible detainer action, claims "including questions of title, validity of a foreclosure, counterclaims, and suits against third parties are

---

6. In his complaint, Tehuti also argued that the trial court had no jurisdiction as a result of "[f]raud on the court." As previously stated, the justice courts, and by extension, the county court sitting as an appellate court on trial de novo, have jurisdiction over forcible detainer cases. TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4).

7. Tehuti attached a copy of the general warranty deed issued to Fahamme's foundation trust and a notice of sale dated February 21, 2014, demonstrating that he sold the Property to the "Fahamme Nation of Nations Afro–American Religions and Black [C]ultures Trust Foundation for the sum of 21 Silver Dollars and the love of the God of Fahamme or Devine Understanding."

not permitted." *Tehuti*, 2015 WL 1111400, at *1. Instead, "except for claims for damages incurred during the pendency of the appeal in county court, counterclaims ... must be brought in separate suits." *Id.* at *3 (citing Tex. R. Civ. P. 510.3(e), 510.11). Simply put, because the counterclaims were not properly before the county court at law in this forcible detainer action, we cannot address them.

## IV. Conclusion

We affirm the trial court's judgment.