# NO. 12-21-00228-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DALE T. SPENCER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *ROCENDO VALDEZ,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

In this forcible-entry-and-detainer action, Dale Spencer, appearing pro se, challenges a judgment entered in favor of Rocendo Valdez. He presents four issues on appeal. We affirm.

## BACKGROUND

Valdez purchased the property located at 19574 FM 2767, Winona, Texas 75792 (the Property) at a foreclosure sale on April 6, 2021. After acquiring a substitute trustee's deed, Valdez sent a notice to Spencer and all other occupants of the Property requesting they vacate the premises. Because Spencer failed to timely vacate the premises, Valdez filed a suit for forcible entry and detainer on May 6. Spencer filed an answer to the suit. In his answer, Spencer contended the foreclosure was invalid because he never executed a deed of trust on the property. He also urged that he filed a challenge to the foreclosure in the district court. Spencer failed to appear at trial, and the justice court rendered a default judgment for Valdez on October 20. Spencer appealed to the Smith County Court at Law #3. Following a trial at which Spencer failed to appear, the court rendered judgment for Valdez on November 30. Appellant filed this appeal on December 9. Appellant did not post a supersedeas bond. A writ of possession was issued on December 15 and executed on December 21.

1

## FORCIBLE ENTRY AND DETAINER

In his first issue, Spencer urges the County Court at Law lacked subject matter jurisdiction because Valdez did not comply with the requirement for a pre-suit demand for possession. In his second issue, Spencer contends the substitute trustee's deed is inadmissible evidence and Valdez could not rely upon it. His third issue urges Valdez failed to provide sufficient evidence of his superior right to possession. And Spencer states in his fourth issue that Valdez could not rely on the "tenancy at sufferance" language in the deed of trust.

## Applicable Law

To prevail on a forcible detainer action, the plaintiff must prove that (1) it owned the Property by virtue of the substitute trustee's deed, (2) the defendant became a tenant at sufferance when the Property was sold under the terms of the deed of trust, (3) the plaintiff gave the defendant and the other occupants notice to vacate the premises, and (4) the defendant and the other occupants refused to vacate the premises. *See* ***Tehuti v. Bank of N.Y. Mellon Trust Co., Nat'l Ass'n*** (***Mellon***), 517 S.W.3d 270, 273 n.5 (Tex. App.—Texarkana 2017, no pet.). "A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession." TEX. PROP. CODE ANN. § 24.002(a)(1) (West 2014). "The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for a notice to vacate under [Property Code] Section 24.005." *Id*. § 24.002(b). Section 24.005 provides, in pertinent part:

> If the occupant is a tenant under a written lease ..., the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.

*Id*. § 24.005(a) (West Supp. 2021). Because forcible detainer is a statutory cause of action, a landlord must strictly comply with its requirements. ***Kennedy v. Andover Place Apartments***, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

In a suit for forcible entry and detainer, the right to actual possession of property, not title, is the sole issue for the court to decide. TEX. R. CIV. P. 510.3(e). It is "a special proceeding . . . created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." ***Mellon***, 517 S.W.3d at 273 (quoting ***Mosely v.***

***Am. Homes 4 Rent Props. Eight, LLC***, No. 02-15-00200-CV, 2015 WL 9942695, at *2 (Tex. App.—Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.)). "The right to immediately possess real property is not necessarily contingent on proving full title, and '[t]he Texas [Legislature] has specifically bifurcated the questions of possession and title[] and placed jurisdiction for adjudicating those issues in separate courts.'" *Id.* at 273–74 (quoting ***Borunda v. Fed. Nat'l Mortg. Ass'n***, 511 S.W.3d 731, 734 (Tex. App.—El Paso 2015, no pet.) (second alteration in original)). While justice courts have original jurisdiction over forcible detainer cases, they do not have jurisdiction in trespass-to-try-title cases. TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4) (West Supp. 2016). "Thus, 'the county court sitting as an appellate court on trial de novo only ha[s] jurisdiction to consider the issue of possession, not title.'" ***Mellon***, 517 S.W.3d at 274 (quoting ***Borunda***, 511 S.W.3d at 734).

## Mootness/Pre-suit Demand for Possession

We first address Valdez's assertion that Spencer's appeal from the award of possession is moot because he did not supersede the judgment and is no longer in possession of the premises.

Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See* ***Nat'l Collegiate Athletic Ass'n v. Jones,*** 1 S.W.3d 83, 86 (Tex. 1999); ***In re H & R Block Fin. Advisors, Inc.,*** 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. ***Nat'l Collegiate Athletic Ass'n,*** 1 S.W.3d at 86.

A forcible detainer judgment may not be stayed pending appeal and a writ of possession may be executed unless the defendant timely files a supersedeas bond. *See* TEX. PROP. CODE ANN. § 24.007(a) (West Supp. 2021); ***Marshall v. Hous. Auth. of the City of San Antonio,*** 198 S.W.3d 782, 786 (Tex. 2006); ***Wilhelm v. Fed. Nat. Mortg. Ass'n,*** 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Failure to supersede a forcible detainer judgment does not divest a defendant of the right to appeal. ***Marshall,*** 198 S.W.3d at 786–87; ***Wilhelm,*** 349 S.W.3d at 768. However, an appeal from a forcible detainer judgment becomes moot if the defendant is no longer in possession of the property, unless he holds and asserts "a potentially meritorious claim of right to current, actual possession." ***Marshall,*** 198 S.W.3d at 787; ***Wilhelm,*** 349 S.W.3d at 768.

As previously stated, Spencer did not file a supersedeas bond. And he is no longer in possession of the property. But he urges that he was not given proper statutory notice to vacate.

However, this, on its own, is not a "potentially meritorious claim of right to current, actual possession" that would save the appeal from being moot. *See Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Nevertheless, assuming without deciding, that Spencer's appeal is not moot, his argument that he did not receive proper notice is without merit. The evidence in the record shows that Valdez sent notice to Spencer and all other occupants on April 16, 2021, giving Appellant until April 22 to vacate the property. The forcible entry and detainer action was filed on May 6. The notice was sent certified mail, return receipt requested, as well as regular first-class mail, in compliance with the Texas Property Code. *See* TEX. PROP. CODE ANN. § 24.005(f). Because Spencer did receive the proper statutory notice to vacate, we overrule his first issue.

## Remaining Issues

Spencer's second, third, and fourth issues urge evidentiary matters. Specifically, Spencer argues in his second issue that Valdez failed to prove he could claim title to the Property under the substitute trustee's deed because it is inadmissible evidence. In his third issue, Spencer urges the evidence is insufficient to support the trial court's judgment. And he contends in his fourth issue that Valdez "failed to tender evidence" that he was entitled to rely on "tenancy at sufferance" under the substitute trustee's deed and that Valdez has a superior right to possession. The clerk's record indicates that the County Court at Law held a trial de novo at which testimony and evidence was presented. However, Spencer did not attend that hearing. Furthermore, Spencer notified this Court that no hearing was held and no reporter's record would be filed.

The appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court. *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."). In the absence of a reporter's record, "[w]e indulge every presumption in favor of the trial court's findings." *Bryant v. United Shortline Inc. Assur. Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *see also Willms v. Am. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order."). It was Spencer's burden to bring

forth a record showing error. Absent the reporter's record, we cannot properly evaluate Spencer's claims to determine whether he is entitled to appellate relief and we must presume that the evidence is sufficient. As a result, we overrule Spencer's second, third, and fourth issues.[1]

### DISPOSITION

Having overruled Spencer's four issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] To the extent Spencer urges the underlying foreclosure was improper, it is not necessary for Valdez to prove the validity of the underlying foreclosure to establish a superior right to possession in this forcible-detainer suit. *See **Roberts v. HRL Procurement LLC***, No. 10-18-00275-CV, 2019 WL 1561598, at *6 (Tex. App.—Waco Apr. 10, 2019, pet. denied) (mem. op.). Therefore, this suit may proceed concurrently with Spencer's suit in district court seeking to quiet title and set aside the foreclosure. ***Id.***



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 16, 2022**

**NO. 12-21-00228-CV**

**DALE T. SPENCER,**
Appellant
V.
**ROCENDO VALDEZ,**
Appellee

Appeal from the County Court at Law No. 3
of Smith County, Texas (Tr.Ct.No. 73655-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*