

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00119-CV

JERRY LEE SANDERS, Appellant

V.

CHERYL VAUGHAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF DOLLIE
BARRETT, DECEASED Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. CC2100382

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Jerry Lee Sanders appeals his eviction from property located at 205 Vanceville Drive in West Tawakoni, Texas 75474 (the Property). Because we find that the judgment evicting Sanders was entered in the absence of jurisdiction to do so, we vacate it.

## I.      Background

Sanders's mother, Dollie Barrett, died on November 25, 2020. On the date of her death, Barrett owned several parcels of real estate, including the Property in question. Barrett also owned a manufactured home located on the Property, which Sanders had occupied for twenty years.

Barrett's last will and testament devised all of her estate to her deceased husband's two daughters and her own children, including her daughter Cheryl Vaughan, and sons, Sanders, Bobby Keith Sanders, and James Scott Sanders "in equal shares." Barrett's will, which also appointed Vaughan "to serve as Independent Executrix," was admitted to probate. On December 16, 2020, the County Court at Law Number 2 of Hunt County qualified Vaughan as the independent executrix of Barrett's estate and issued letters testamentary.[1]

In her capacity as executrix of Barrett's estate, Vaughan sought to sell the Property, but Sanders refused to vacate it. In response to Sanders's refusal to move, Vaughan filed an action seeking to evict Sanders in the Justice Court, Precinct 4, Place 1, of Hunt County, Texas, in October 2021. Vaughan's petition alleged that Sanders violated a lease by failing to pay rent. Although duly cited, Sanders failed to appear at trial. As a result, the justice court issued a writ

---

[1] Unless otherwise stated, all remaining references to Vaughan refer to her status as independent executrix of Barrett's estate.

of possession in favor of Vaughan. Sanders appealed, requesting a trial de novo before the county court at law. *See* TEX. R. CIV. P. 510.10(c).

At the trial, Vaughan testified that she needed to sell the Property so that proceeds from the sale could benefit all of Barrett's devisees and that, despite receiving Vaughan's notices, Sanders refused to vacate the Property. Amy Ivy, a local realtor, testified that she had entered into a listing agreement for the Property with Vaughan, that buyers were interested in the Property, but that she could not gain access to the manufactured home because "Sanders prefer[red her] not to be inside the home to show it." Because Ivy believed it impossible to sell the Property without showing the interior of the manufactured home, she opined that Sanders was preventing her from effectively marketing the Property for sale. Bobby Keith Sanders testified that he was a "one-fifth" beneficiary of Barrett's estate, and he supported Vaughan's application to sell the Property.

Sanders testified that he had lived on the Property for twenty years and had no other home. He claimed that Barrett had orally given him an ownership interest in the Property in exchange for work completed on the Property and his agreement to "[t]ake care of the bills." In support, Sanders introduced a "Texas Manufactured Home Application" for insurance that listed Barrett as the "Applicant—Titled Owner" and him as a "Co-Applicant—Titled Owner." According to Sanders, Vaughan and Bobby agreed "[t]hat if anything . . . happen[ed] to [Barrett], that [Sanders] could stay there until [he] died."[2] Sanders also claimed that he paid the taxes on

---

[2]Vaughan testified that the current insurance policy listed her as the owner of the Property and denied that she had ever agreed to allow Sanders to remain there. However, Sanders's daughter, Stormy Brown, supported Sanders's testimony that Barrett gave him the Property and that Vaughan had agreed to let him live there.

3

the Property. As a result, Sanders testified that he had filed suit in the 196th Judicial District Court of Hunt County seeking to partition in kind Barrett's real property, including the Property in question, and he introduced his petition seeking title to the Property into evidence.

After hearing that evidence, the county court at law declared that the manufactured home was realty, found Sanders to be a tenant of Barrett's estate, entered judgment in favor of Vaughan for possession of the Property, and authorized a writ of possession to the Property.

## II.     The Justice Court Did Not Have Jurisdiction to Evict Sanders

We must first address the threshold issue of subject-matter jurisdiction. "The authority of a court to hear a particular case is a systemic requirement that cannot be waived or conferred by consent and which may be considered at any time." *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.) (quoting *Jacobs v. State*, 181 S.W.3d 487, 488–89 (Tex. App.—Texarkana 2005, pet. ref'd). "The issue of the subject-matter jurisdiction of the lower court(s) may be raised sua sponte by an appellate court." *Id.*

Under the Texas Estates Code, the term "probate proceeding" includes "(5) a claim arising from an estate administration and any action brought on the claim; [and] (6) the settling of a personal representative's account of an estate and any other matter related to the settlement, partition, or distribution of an estate." TEX. EST. CODE ANN. § 31.001. Also, "a matter related to a probate proceeding includes" "a claim brought by a personal representative on behalf of an estate." TEX. EST. CODE ANN. § 31.002(a)(3), (b)(1). Because Vaughan brought a claim against Sanders on behalf of Barrett's estate, the claim was, at the very least, a matter related to a probate proceeding.

4

Section 32.001 states:

> (a)    All probate proceedings must be filed and heard in a court exercising original probate jurisdiction. The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court.
>
> . . . .
>
> (d)    The administration of the estate of a decedent, from the filing of the application for probate and administration, or for administration, until the decree of final distribution and the discharge of the last personal representative, shall be considered as one proceeding for purposes of jurisdiction. The entire proceeding is a proceeding in rem.

TEX. EST. CODE ANN. § 32.001.

The record establishes that a probate proceeding was separately pending in a different cause number with the county court at law. Instead of filing the matter related to a probate proceeding in the pending probate action, Vaughan filed a forcible detainer proceeding with the justice court.

While justice courts have jurisdiction of cases of forcible entry and detainer, "[a] justice court does not have jurisdiction of . . . a suit for trial of title to land." TEX. GOV'T CODE ANN. § 27.031(b)(4) (Supp.). As we explain below, because the question of possession and title were inextricably intertwined in this case, the justice court and the county court at law lacked jurisdiction to evict Sanders. *See Murray v. U.S. Bank Nat'l Ass'n*, 411 S.W.3d 926, 929 (Tex. App.—El Paso 2013, no pet.) (quoting *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) ("[W]hen sitting as appellate courts, the county courts' jurisdiction is limited to that of the justice courts.")).

5

"An action for forcible detainer is considered a special proceeding; its purpose is to determine quickly and inexpensively who has a right to possession of real property." *Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, at *2 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied) (mem. op.) (citing *Tehuti v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, 517 S.W.3d 270, 273 (Tex. App.—Texarkana 2017, no pet.)). "In a forcible detainer action, a plaintiff need not prove title, but only a superior right to immediate possession." *Id.* (citing *Tehuti*, 517 S.W.3d at 274) (quoting *Rice*, 51 S.W.3d at 709)). "If the issue of possession requires a ruling on a title dispute, the justice court may not decide the right to possession." *Id.* (citing *Tehuti*, 517 S.W.3d at 274) (quoting *Borunda v. Fed. Nat'l Mortg. Ass'n*, 511 S.W.3d 731, 734 (Tex. App.—El Paso 2015, no pet.))). "One indication that a justice court, and county court on appeal, is called on to adjudicate title to real estate in a forcible detainer case—and, thus exceed its jurisdiction—is when a landlord-tenant relationship is lacking." *Id.* at *3 (quoting *Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) (quoting *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied))); *see Garza v. Est. of Olivarez*, No. 13-17-00265-CV, 2018 WL 3768505, at *5 (Tex. App.—Corpus Christi Aug. 9, 2018, no pet.) (mem. op.).

Here, although Vaughan's forcible detainer petition alleged that she sought to evict Sanders because he failed to pay rent, there was never any landlord-tenant relationship, and it was undisputed that Sanders lived on the Property with Barrett's permission for twenty years. In fact, it appears that Vaughan's suit was improper under the forcible entry and detainer statutes. Forcible entry and detainer cases are governed by Chapter 24 of the Texas Property Code.

6

Section 24.001 of the Texas Property Code, which provides for forcible entry and detainer cases, states:

> (a)     A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand.
>
> (b)     For the purposes of this chapter, a forcible entry is:
>
> > (1)     an entry without the consent of the person in actual possession of the property;
> >
> > (2)     an entry without the consent of a tenant at will or by sufferance; or
> >
> > (3)     an entry without the consent of a person who acquired possession by forcible entry.

TEX. PROP. CODE ANN. § 24.001. Section 24.002 provides,

> (a)     A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:
>
> > (1)     is a tenant or a subtenant willfully and without force holding over after the termination of the tenant's right of possession;
> >
> > (2)     is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or
> >
> > (3)     is a tenant of a person who acquired possession by forcible entry.

TEX. PROP. CODE ANN. § 24.002(a). Section 24.0061 states, "A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession." TEX. PROP. CODE ANN. § 24.0061(a) (Supp.). And the term "'premises' means the unit that is occupied or rented and any outside area or facility that the tenant is entitled to use under a written lease or oral rental agreement, or that is held out for the use of tenants generally." *Id.*

7

"[W]ithout a landlord-tenant relationship, a justice court cannot determine the issue of immediate possession without first determining who has title to the property." *Anderson v. Chandler*, No. 12-16-00299-CV, 2017 WL 2829329, at \*3 (Tex. App.—Tyler June 30, 2017, no pet.) (quoting *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.)); *see Boehl v. Richardson*, No. 13-19-00021-CV, 2019 WL 6769876, at \*3 (Tex. App.—Corpus Christi Dec. 12, 2019, pet. denied) (mem. op.). Nothing showed that Sanders was ever subject to any landlord-tenant agreement. The undisputed evidence instead showed that Sanders had acquired an undivided one-fifth interest in Barrett's estate under her will.

Since Sanders was a devisee under Barrett's will, the Texas Estates Code provisions shed light on the issue of possession and ownership. Section 101.001 of the Texas Estates Code states, "Subject to Section 101.051, if a person dies leaving a lawful will: . . . all of the person's estate that is devised by the will vests immediately in the devisees." TEX. EST. CODE ANN. § 101.001(a); *see Smith v. Hodges*, 294 S.W.3d 774, 777 (Tex. App.—Eastland 2009, no pet.) ("Property devised under a will, duly probated, is deemed to vest title in the devisee as of the moment of death of the testator."). In relevant part, Section 101.051 specifies, "A decedent's estate vests in accordance with Section 101.001(a) subject to the payment of: (a) the debts of the decedent, except as exempted by law." TEX. EST. CODE ANN. § 101.051(a). Because Vaughan neither alleged nor showed that there were any debts of the Estate, Sanders argued that he became a tenant in common along with the other devisees under Barrett's will.

8

"Before partition, the joint owners or tenants in common have the equal right to possession and the estates of all of them are of equal dignity." *Lane v. Hughes*, 228 S.W.2d 986, 988 (Tex. App.—Amarillo 1950, no writ). As a result, "a tenant in common is entitled to possession of the entire premises against all persons except the other tenants in common[.]" *In re Beeler*, 394 S.W.3d 800, 806 (Tex. App.—Beaumont 2013, orig. proceeding) (quoting *Steddum v. Kirby Lumber Co.*, 110 Tex. 513 (1920)); *see Byrom v. Pendley*, 717 S.W.2d 602, 605 (Tex. 1986) ("[E]ach cotenant has a right to enter upon the common estate and a corollary right to possession.").

Vaughan's pleading argues that Barrett's estate owned title to the Property. She also alleged that Sanders was preventing the sale of the Property and that, as the executrix, she had the duty to possess the Property and sell it. Yet, the power of sale granted by Section 402.052 of the Texas Estates Code[3] to an independent executrix "does not address an independent executor's authority to obtain the eviction of a cotenant." *In re Raynes*, Nos. 04-15-00717-CV, 04-15-00787-CV, 2016 WL 4208111, at *4 (Tex. App.—San Antonio Aug. 10, 2016, no pet.) (mem. op.). Sanders argued, among other things, that he had a superior right to possess the Property as cotenant devisee under Barrett's will. This argument, coupled with the lack of any evidence showing that there were debts owed by Barrett's estate, established the existence of a genuine title dispute.[4]

---

[3]Barrett's will did not expressly give Vaughan the power of sale.

[4]We expressly distinguish this case from all cases where (1) a matter related to a probate proceeding was properly before a probate court, (2) there were outstanding debts of an estate, or (3) an actual landlord-tenant relationship was shown.

A justice court lacks jurisdiction where there is "specific evidence of a title dispute that is determinative regarding the possession dispute." *Gober*, 2019 WL 321326, at *2. "'[S]pecific evidence' of a title dispute exists when . . . [a defendant] has asserted a basis for title ownership that is not patently ineffective under the law and is intertwined with the issue of immediate possession." *Yarto v. Gilliland*, 287 S.W.3d 83, 93 (Tex. App.—Corpus Christi 2009, no pet.). The appellate record shows that the majority of Sanders's trial testimony was spent attempting to prove the issue of title. Here, under the facts of this case, the resolution of title was a prerequisite to determination of the right to immediate possession. *See Tellez v. Rodriguez*, 612 S.W.3d 707, 710 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Boehl*, 2019 WL 6769876, at *3; *Anderson*, 2017 WL 2829329, at *4; *Goodman-Delaney*, 484 S.W.3d at 175; *Geldard*, 214 S.W.3d at 209; *see also Raynes*, 2016 WL 4208111, at *4; *Bynum v. Lewis*, 393 S.W.3d 916, 919 (Tex. App.—Tyler 2013, no pet.); *Pina v. Pina*, 371 S.W.3d 361, 365 (Tex. App.—Houston [1st Dist.] 2012, no pet.). As a result, we conclude that the justice court—and, therefore, the county court at law—lacked jurisdiction to evict Sanders from the Property.

## III.    Conclusion

We vacate the judgment and dismiss the cause for want of jurisdiction.


                                        Charles van Cleef
                                        Justice

Date Submitted:    August 15, 2022
Date Decided:      September 2, 2022


10