

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00024-CV

LIONEL CHILDRESS, JEANETTE CHILDRESS AND/OR
ALL OCCUPANTS OF 2650 GARDEN OAKS, MARSHALL, TEXAS 75672, Appellants

V.

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF10 MASTER PARTICIPATION TRUST, Appellee

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2023-11476-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

U.S. Bank Trust, N.A., as trustee for LSF10 Master Participation Trust (the Bank), foreclosed on the property located at 2650 Garden Oaks in Marshall, Texas (the Property), after Lionel Childress and Jeanette Childress defaulted under the terms of a home equity mortgage. The Bank purchased the Property at the foreclosure sale and sent a notice to vacate to the Childresses and all other occupants of the Property. After the Childresses failed to vacate the premises, the Bank filed suit to evict them, and the justice court rendered judgment for the Bank. The Childresses appealed, and after a trial de novo, the County Court at Law of Harrison County again rendered judgment for the Bank. In their appeal, the Childresses assert that the justice court (and, consequently, the trial court) lacked subject-matter jurisdiction to enter its judgment because of alleged irregularities and deficiencies in the underlying foreclosure. Because we find that the trial court had subject-matter jurisdiction, we affirm the trial court's judgment.

## I. Background

On September 7, 2007, the Childresses signed a home-equity, first-lien mortgage on the Property as security for a $519,935.55 promissory note. The mortgage provided that, in the event of an uncured default, the trustee could

> institute proceedings to foreclose the lien of this Mortgage either by judicial foreclosure or by court order in accordance with the rules of civil procedure for expedited foreclosure proceedings promulgated from time to time by the Texas Supreme Court pursuant to the provisions of Article XVI, Section 50(r) of the Texas Constitution or, to the extent such promulgated rules or a court order permit, Lender [could] invoke the power of sale. . . .

The mortgage further stated,

2

If Lender invokes the power of sale as may be permitted pursuant to the above provisions or as may be permitted by court order or the rules promulgated by the Texas Supreme Court, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public venue . . . . Borrower authorizes Trustee to sell the Property to the highest bidder for cash . . . . Lender or its designee may purchase the Property at any sale.

. . . .

If the Property is sold [under the power of sale], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

## A.    The District Court Foreclosure Suit

The Childresses defaulted under the terms of their note, and, on December 19, 2019, the 71st Judicial District Court of Harrison County entered an "Order to Proceed With Notice of Foreclosure Sale and Foreclosure Sale," found that the Bank had "met its burden of proof as to the elements of Rule 736,[1]" and authorized the Bank to proceed with the foreclosure of the

---

[1]Under Rule 736.1(d)(6), to obtain an order to proceed to foreclosure, the petitioner must include with its application an affidavit and

  attach a legible copy of:

  (A)    the note, original recorded lien, . . . and current assignment of the lien, if assigned; [and]

  (B)    each notice required to be mailed to any person under applicable law and the loan agreement, contract, or lien sought to be foreclosed before the application was filed and proof of mailing of each notice.

TEX. R. CIV. P. 736.1(d)(6)(A)–(B).

Property "under the terms of the Texas Home Equity Security Instrument and TEX. PROP. CODE § 51.002."[2]

A substitute trustee's deed showed that the Bank purchased the Property for $1,401,250.52 at the foreclosure sale on December 6, 2022. On January 13, 2023, the Bank sent, by certified mail, the Childresses and all occupants a notice to vacate the Property within three days. The notice also informed the Childresses that their failure to vacate the Property within that time would result in eviction proceedings against them.

### B.    The County Court at Law Forcible Entry and Detainer Suit

After the Childresses failed to vacate the Property, the Bank brought suit in the justice court, which awarded possession to the Bank. The Childresses appealed that judgment to the county court at law, which held a trial de novo. At trial, the mortgage, the district court's order to proceed to foreclosure sale, the substitute trustee's deed, and the notice to vacate were admitted into evidence without objection. The trial court rendered judgment awarding the Bank possession of the Property, and the Childresses appeal that judgment.

## II.    The Trial Court Had Subject-Matter Jurisdiction to Enter the Judgment

In the argument section of their pro se brief, the Childresses purport to assert three issues. In their first stated issue, they attack the subject-matter jurisdiction of the justice court. Under that portion of their argument, the Childresses recite what law they believe was applicable to this issue, which generally points to their contention that the justice court could not adjudicate the issue of possession because it involved a determination of title. However, they provide no

---

[2]*See* TEX. PROP. CODE ANN. § 51.002 (setting forth the requirements for the "Sale of Real Property Under Contract Lien").

analysis of how that law applies to the facts of this case in that portion of their argument. In the second portion of their argument, which they purport to be a second issue, the Childresses allege (1) that the Bank was obligated to conduct a financial review, (2) that they did not receive a letter to cure before the foreclosure, and (3) that they have a cause of action against the mortgage servicer. The Childresses do not provide any citations to the record in support of these allegations. In the third portion of their argument, which they purport to be a third issue, the Childresses allege that there was insufficient proof of the Bank's title to the mortgage, so, they allege, there was a material fact issue as to the Bank's authority to foreclose the Property. Again, the Childresses provide no citations to the record in support of these allegations. We interpret the brief to challenge the subject-matter jurisdiction of the justice court, with the second and third portions of the argument providing their attempt to apply the facts to their contention that the issue of possession was dependent on a determination of title.[3]

"A justice court has original jurisdiction over suits in forcible detainer but specifically does not have jurisdiction over suits requiring a determination of title to land." *Herrera v. Bank of Am.*, No. 06-15-00081-CV, 2016 WL 3655055, at *2 (Tex. App.—Texarkana July 7, 2016, no pet.) (mem. op.) (citing TEX. GOV'T CODE ANN. § 27.031(a)(2), (b)(4)). "[I]n an appeal from the justice court, the jurisdiction of a county court at law 'is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court

---

[3]In the "Issues Presented" section of their brief, the Childresses also assert an issue regarding the amount of the supersedeas bond. However, they do not provide any argument in support of that issue. The Texas Rules of Appellate Procedure require a brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "[A] point of error not adequately supported by either argument or authorities is waived." *In re A.B.*, 646 S.W.3d 83, 96 (Tex. App.—Texarkana 2022, pet. denied) (quoting *In re N.L.G.*, No. 06-06-00066-CV, 2006 WL 3626956, at *2 (Tex. App.—Texarkana Dec. 14, 2006, pet. denied) (mem. op.)).

had jurisdiction.'" *Id.* (quoting *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.)). As a result, the Childresses' challenge to the jurisdiction of the justice court also challenges the jurisdiction of the trial court in this case.

"A forcible detainer action 'determine[s] the right to immediate possession of real property where there is no unlawful entry.'" *Id.* (quoting *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *1 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.)). "It 'is designed to be a quick, simple, and inexpensive means to determine who is entitled to immediate possession to property without resorting to an action on the title.'" *Id.* (quoting *Wade v. Household Fin. Corp. III*, No. 06-15-00074-CV, 2016 WL 741872, at *3 (Tex. App.—Texarkana Feb. 25, 2016, no pet.) (mem. op.)). Nevertheless, "if the justice court or county court must necessarily resolve questions of title in order to determine the right to immediate possession, it has no jurisdiction to adjudicate the forcible detainer action." *Id.* (citing *Reardean*, 2013 WL 4487523, at *2).

As we understand their brief, the Childresses assert that, because of the alleged irregularities and insufficient proof in the foreclosure proceeding, the question of whether the Bank had a superior right to immediate possession of the Property could not be resolved without first resolving whether the Bank had title to the Property. "Generally, irregularities in the foreclosure process or deficiencies in the purchaser's title 'may not be considered in a forcible detainer action.'" *Id.* at *3 (quoting *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd)). "Such irregularities and deficiencies 'must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's

deed.'" *Id.* (quoting *Schlichting*, 346 S.W.3d at 199). "Such suits may be pursued in the district court concurrently with the forcible detainer action in justice court 'to resolve issues of title and immediate possession, respectively.'" *Id.* (quoting *Rice*, 51 S.W.3d at 710). Further, "any issues involving title to the [P]roperty can be resolved in a [separate] quiet title action between those parties claiming a title interest." *Harrell v. Citizens Bank & Tr. Co. of Vivian, La.*, 296 S.W.3d 321, 327 (Tex. App.—Texarkana 2009, pet. dism'd w.o.j.). This is "because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this State." *Id.* at 326 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)); *see Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.) ("[The] Legislature contemplated concurrent actions in district and justice courts to resolve issues of title and immediate possession, respectively."). Consequently, "it is only when the justice court or county court *must* determine title issues that it is without jurisdiction to adjudicate a forcible detainer case." *Rice*, 51 S.W.3d at 713.

But, "[w]here a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Herrera*, 2016 WL 3655055, at *3 (alteration in original) (footnote omitted) (quoting *Reardean*, 2013 WL 4487523, at *3); *see Tehuti v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, 517 S.W.3d 270, 274 (Tex. App.—Texarkana 2017, no pet.) (quoting *Mosely v. Am. Homes 4 Rent Props. Eight, LLC*, No. 02-15-00200-CV, 2015 WL 9942695, at *3 (Tex. App.—Fort Worth Dec. 10, 2015, pet. dism'd) (mem. op.)). In this case, the mortgage provided that, if the Property

7

were sold under its power of sale and the Borrowers, i.e., the Childresses, did not immediately surrender possession of the Property, they became tenants at sufferance. The substitute trustee's deed established that the Bank purchased the Property under the power of sale. As a result, after the Childresses did not vacate the Property as directed under the notice to vacate, the Bank and the Childresses were in a landlord and tenant-at-sufferance relationship.

Consequently, the trial court could determine the issue of immediate possession on that basis and was not required to resolve any issue of title to the property. *Herrera*, 2016 WL 3655055, at *4; *Tehuti*, 517 S.W.3d at 274; *Harrell*, 296 S.W.3d at 327. We find that the trial court had subject-matter jurisdiction to hear the forcible detainer action and issue its judgment, and we overrule the Childresses' sole issue.[4]

## III.    Disposition

Because the trial court had jurisdiction to adjudicate the forcible detainer action, we affirm the trial court's judgment.[5]

Jeff Rambin
Justice

Date Submitted:        August 22, 2023
Date Decided:          August 25, 2023

---

[4]To the extent that the Childresses' brief can be construed as asserting error because the trial court entered its judgment without resolving issues concerning wrongful foreclosure and the Bank's title, we note that there is no evidence concerning those issues in the appellate record. "Because the issues of title and wrongful foreclosure were not before the county court at law in this forcible detainer action, we cannot address" these arguments. *Tehuti*, 517 S.W.3d at 274.

[5]The Bank's motion to dismiss this appeal is denied as moot.

8