

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00023-CV

_____

SHANNON SMITH, Appellant

V.

JAMIE LEE BOURCY, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. CA-2022-7805

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Durwood Smith, the decedent, left real property which is being fought over by Shannon Smith, a woman who claims to have been his common-law wife,[1] and Jaime Lee Bourcy, his daughter from a prior relationship.

Bourcy, having a deed to the property from her father, sought to evict Smith. Bourcy asserts that Smith was never married to her father.

Smith claims that, as a widow, she cannot be evicted from the marital homestead and, further, that as a wife, her signature was required on any deed of the property.

The trial court granted the eviction. The trial court awarded Bourcy immediate possession of forty-five acres of property located at "921 County Road 3925, Wolfe City, Fannin County, Texas 75496" (the Property) and ordered Smith to move off the Property. On appeal, Smith argues that the trial court lacked jurisdiction over the forcible entry and detainer case because the question of immediate possession required the resolution of a title dispute. We agree, because Smith's claim is a matter of title to real property. We vacate the trial court's judgment and dismiss the appeal.

## I. Factual and Procedural Background

Durwood and his sister, Maida Smith, purchased a 110-acre tract of land in 2001. In 2016, Maida wished to sell her interest in the land. The land was partitioned between Durwood and Maida, with Durwood acquiring forty-five acres by partition deed. It is undisputed that, in

---

[1]Smith was her surname before Durwood; she was previously married to James Russell Smith and was divorced from him in 2004.

2016, Durwood executed a general warranty deed granting the Property to Bourcy and her husband. The duly recorded deed was admitted into evidence.

At some point before his death, Durwood resided on the Property with Smith. After his death in 2022, Bourcy provided Smith with notice to vacate the Property. Smith did not move from the Property and, as a result, Bourcy filed a forcible entry and detainer lawsuit in the Justice Court, Precinct 3, of Fannin County, Texas.

Bourcy's petition in the justice court was filed on December 5, 2022. The citation was served on December 7, but the justice court dismissed the case on December 20 on the ground that it did not have jurisdiction after Smith appeared at a hearing and argued lack of jurisdiction.[2] The decision of the justice court was appealed to the County Court at Law of Fannin County, Texas, for trial de novo, and the appeal was perfected on December 21. *See* TEX. R. CIV. P. 510.10(c).

Once an appeal is perfected, "[t]he county clerk must docket the case and must immediately notify the parties of the date of receipt of the transcript and the docket number of the case." TEX. R. CIV. P. 510.10(b). "The notice must advise the defendant that it must file a written answer in the county court within 8 days if one was not filed in the justice court." *Id.* Because no answer was filed either before the justice court or before the county court at law, Bourcy filed a motion for entry of default judgment, which the county court at law granted on January 10, 2023. *See* TEX. R. CIV. P. 510.12. Since Smith did not receive the county clerk's notice until January 9, she filed a motion to set aside the default judgment, which the county

---

[2]Our appellate record does not contain the reporter's record from this hearing.

court at law granted and then set the matter for trial. Smith's pretrial pleadings asserted that the trial court lacked eviction jurisdiction because, as widow, she had a homestead interest in the property and that, as wife, her signature was required on any deed of the homestead. Smith asserted that her claim of common-law marriage and her associated claim to the property are at issue in the estate of Durwood Smith, which is also pending in the county court at law (sitting, in that instance, in probate).

At trial, Smith admitted that Durwood deeded the Property to Bourcy, "probably under duress," but claimed she was Durwood's common-law wife. Smith testified that she entered in a common law marriage with Durwood in 2010[3] and lived on the Property with him until his death. While the Property had been Durwood's separate property because it was acquired by him in 2001, Smith asserted that she was required to sign the 2016 deed because she claimed the Property as homestead. Durwood's sister, Maida, testified that Durwood deeded the Property to Bourcy because he was "very ill" from "a blood clot that went up to his lungs." Maida testified that Smith and Durwood held themselves out to be married.

After hearing the evidence, the county court at law gave Bourcy the superior right of immediate possession to the Property.[4]

---

[3]Smith's appellate briefing claims the marriage to Durwood occurred in 2014.

[4]The judge of the county court at law's comments indicated that he believed Smith had filed no written pleading placing title at issue. However, Smith's motion to set aside the default judgment contained the following language:

> If required to Answer further herein, your Defendant would show the Court that this matter is a probate matter regarding inheritance and homestead rights of the widow of Durwood Lee Smith, deceased, who owned the property prior to his death and who had a homestead interest in the Property, along with his wife, Shannon Smith, the Defendant herein. Therefore the case should be dismissed for lack of jurisdiction.
>    . . . .

## II.     The County Court at Law Lacked Jurisdiction to Decide the Eviction

Smith raises several points of error attacking the county court at law's jurisdiction.[5]  She complains that it erred by disallowing evidence pertinent to her homestead claim[6] and erred by concluding that it had jurisdiction when there was evidence of a title dispute.

"In a suit for forcible entry and detainer, the right to actual possession of property, not title, is the sole issue for the court to decide."  *Paselk v. Bayview Loan Servicing, LLC*, 528

---

> If required to answer further herein, your Defendant would Answer further herein that she is the widow of Durwood Smith, deceased, who died on February 9, 2022.  There is on file and pending in this Court, an Application filed by your Defendant, for Administration of the estate of the decedent, Durwood Lee Smith, in Cause No. PR-2022-13153.
>
> Durwood Lee Smith and Shannon Smith are the homestead owners of the property in question, the subject of this suit.  Prior to his death, and while married to the Defendant herein, he executed a deed to the underlying real estate, without joinder of the Defendant herein, to Plaintiff herein, deeding title to said real estate to Plaintiff.  The real estate is still the homestead of the Defendant, even though the underlying title may rest in Plaintiff.
>
> Plaintiff is trying to evict the Defendant from her homestead, which is why the case was dismissed from the Justice Court.  The homestead rights vest immediately on the death of the decedent spouse and it is immaterial whether the probate court has set aside the homestead and it makes no difference whether it was the decedent's separate or community property.  The Decedent deeded the property away while it was his homestead, without the joinder of his wife, and it was also her homestead, and any attempted conveyance for any purpose other than permitted by the Constitution is void.  Texas Family Code Section 5.001 requires the signature of both spouses in order to convey the homestead except under unusual circumstances.  This is true whether the homestead is considered to be community property or the separate property of either spouse.

Because "[w]e look to the substance of a motion to determine the relief sought, not merely to its title," we find that this language constitutes a written answer.  *Est. of Phillips*, No. 06-22-00015-CV, 2022 WL 2919505, at *3 (Tex. App.—Texarkana July 26, 2022, no pet.) (mem. op.) (alteration in original) (quoting *In re Est. of Hutchins*, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, orig. proceeding)); *see State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." (citing TEX. R. CIV. P. 71)).

[5]Specifically, Smith raised the following points:

> **Issue One**[:]  Did Defendant's homestead interest go to "the merits of title" so as to defeat jurisdiction over the forcible detainer cause of action in the justice court (and the county court or county court at law) on appeal?
> **Issue Two**:  Did either Court have jurisdiction or is possession so intertwined with the issue of title as to cause the case to be dismissed?
> **Issue Three**:  Was there a landlord-tenant relationship between the parties?

[6]We need not address this point since our conclusion that the county court at law lacked jurisdiction is dispositive.

S.W.3d 790, 793 (Tex. App.—Texarkana 2017, no pet.) (citing TEX. R. CIV. P. 510.3(e)). "An action for forcible detainer is considered a special proceeding; its purpose is to determine quickly and inexpensively who has a right to possession of real property." *Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, at *2 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied) (mem. op.) (citing *Tehuti v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, 517 S.W.3d 270, 273 (Tex. App.—Texarkana 2017, no pet.)). "One can establish the right to immediate possession without proving full title, since the questions of possession and title have been separated and assigned to different courts." *Id.* (citing *Tehuti*, 517 S.W.3d at 273–74); *see Paselk*, 528 S.W.3d at 793 ("The Texas [Legislature] has specifically bifurcated the questions of possession and title[] and placed jurisdiction for adjudicating those issues in separate courts." (second alteration in original) (quoting *Tehuti*, 517 S.W.3d at 274)).

"Justice courts have original jurisdiction over forcible detainer cases, but not over the associated trespass-to-try-title cases." *Gober*, 2019 WL 321326, at *2 (citing *Tehuti*, 517 S.W.3d at 274). As a result, "the county court sitting as an appellate court on trial de novo only ha[s] jurisdiction to consider the issue of possession, not title." *Paselk*, 528 S.W.3d at 793 (alteration in original) (quoting *Tehuti*, 517 S.W.3d at 274). "[W]here the issue of immediate possession necessarily involves resolution of a title dispute, the justice court is divested of subject-matter jurisdiction and has no power to render judgment." *Id.* at 794 (quoting *Tehuti*, 517 S.W.3d at 274).

Smith cites *Geldard v. Watson* in support of her position that issues of title and possession in this case were inextricably intertwined. *Geldard v. Watson*, 214 S.W.3d 202 (Tex.

6

App.—Texarkana 2007, no pet.). There, Wanda had acquired a parcel of land prior to her marriage to Geldard. *Id.* at 205. After their marriage in 1976, Wanda and Geldard continued to live on the property "despite the fact that, in 1990, Wanda executed a quitclaim deed . . . to Watson, her daughter from her earlier marriage." *Id.* Geldard remained on the property even after Wanda moved to a retirement home in 2005, which prompted Watson to send Geldard a notice to vacate the property. *Id.* at 206. In response, "Geldard asserted his spousal homestead right."[7] *Id.* This Court found that Geldard's assertion of a homestead interest went to the merits of a title dispute. *Id.* at 209. As a result, we concluded that the county court at law lacked jurisdiction on appeal from the justice court's decision in the forcible entry and detainer case. The reasoning in *Geldard* applies here.

"In Texas, the homestead right constitutes an estate in land." *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 129 (Tex. 1991). "[I]f a property serves as the family's homestead, a spouse has vested rights even when that homestead is the other spouse's *separate* property." *Taylor Morrison of Tex., Inc. v. Ha*, 660 S.W.3d 529, 534 (Tex. 2023) (per curiam) (citing *Laster*, 826 S.W.2d at 129). For this reason, "the Texas Constitution prohibits an owner from selling or abandoning homestead property without the consent of the owner's spouse." *Id.* (citing TEX. CONST. art. XVI, § 50(b); TEX. FAM. CODE ANN. § 5.001). In other words, a spouse receives "direct benefits from the purchase of a home that serves as homestead property, regardless of whether the home is community or separate property." *Id.*

---

[7]"Wanda died during the pendency of this action." *Geldard*, 214 S.W.3d at 206.

7

While "[o]ne spouse's conveyance of [his] separate property family homestead, without the joinder of the other spouse, is not void as to the conveying spouse[,] [i]t is, however, inoperative against the continuing homestead claim of the nonjoining spouse." *York v. Boatman*, 487 S.W.3d 635, 641 (Tex. App.—Texarkana 2016, no pet.) (citing *Geldard*, 214 S.W.3d at 207). "Moreover, a homestead right 'is analogous to a life tenancy, with the holder of the homestead right possessing the rights similar to those of a life tenant for so long as the property retains its homestead character.'" *Id.* (quoting *Laster*, 826 S.W.2d at 129).

As in *Geldard*, Smith's claim of common-law marriage to Durwood before the conveyance to Bourcy, combined with her testimony that she resided on the Property claimed as homestead until Durwood's death, was sufficient to defeat the county court at law's jurisdiction. *See Geldard*, 214 S.W.3d at 207–08. Accordingly, we find that the county court at law, on this de novo appeal from the justice court, lacked jurisdiction over the issue of whether Bourcy had the superior right to possess the Property because it necessarily required an adjudication of the merits of title between Bourcy and Smith.

## III. Disposition

We vacate the county court at law's judgment and dismiss the appeal.

Jeff Rambin
Justice

Date Submitted: October 26, 2023
Date Decided: November 20, 2023

8